# SUPREME COURT.

## THE AUBURN CITY BANK agt. GEORGE N. LEONARD.

## GEORGE N. LEONARD agt. THE AUBURN CITY BANK, and others.

It is well settled that an *equitable defence* may now be interposed to a *legal action*, and is equally available with a legal defence.

But in such case where the plaintiff does not bring before the court the *requisite parties* to enable it to adjudicate finally upon all the questions in controversy, the defendant has no other course but to commence a *new action* in the nature of a cross-suit, and bring in the requisite parties.

And where the defendant brings a cross-action against the plaintiff in the former suit, and others, for full affirmative relief in equity, which he has set up as an equitable defence in answer to the plaintiff's legal action, the plaintiff in the legal action cannot set up in answer to the equity suit, in bar, a former suit pending for the same cause; because the *parties are not the same*.

Under the old system of pleading, a plea in bar of the pendency of a former suit for the same cause of action, always contained an averment that the parties were the *same in both actions*.

Before the Code, the plaintiff in the second suit would have been entitled to an *injunction*, restraining the prosecution of the suit at law, till the determination of the suit in equity. The same relief may now be had by *order*, it being no longer necessary or proper to stay proceedings in the *same court* by *injunction*.

The court will grant a *stay* in such cases, where it is not entirely clear from the pleadings, that they would dismiss the *complaint* in the equity suit for insufficiency on the trial, or sustain a demurrer to it.

*Monroe Special Term, September*, 1860,

MOTION to stay proceedings in first entitled suit until after the trial of the suit secondly entitled.

The plaintiffs in the first entitled suit, state in their complaint that one Thomas W. Smith was indebted to such bank in notes in the sum of $5,500, and in drafts upon R. S. Torry, accepted by said Torry, in the sum of $1,033.33, protested for non-payment. That all of said notes and drafts, except one note for $4,000, were past due on the 4th of March, 1859, when the defendant in the first entitled suit, George N. Leonard, who was then the plaintiff's cashier, entered into an agreement, following:

"NEW YORK, *March 4th*, '59.

Received of F. N. Smith, a note of five thousand (dollars meaning,) made by G. N. Leonard, also an assignment by said F. N. Smith, of his ten shares of stock in the Auburn City Bank, value five hundred dollars. Also F. N. Smith's order on David B. Smith, of Port Byron, for seven hundred dollars in bills of the Planters and Mechanics' Bank of Dalton, Georgia, as also six hundred and fifty seven dollars, bills of the same bank now at the Auburn City Bank, for which as above enumerated, I agree to cancel said F. N. Smith's indebtedness to the said Auburn City Bank, and also his, the said Smith's indebtedness to James White and H. H. Bostwick, it being in gross sixty seven hundred and eighty dollars, or thereabouts.          G. N. LEONARD."

And claim to recover of said Leonard, the amount of the said notes and drafts by virtue of such agreement. The defendant Leonard has appeared in such suit and put in his answer, setting up that said written agreement does not contain the true agreement between the parties; that it was not executed or received, nor was it designed to set forth the agreement made between the parties concerned, and setting forth facts tending to show an equitable defence to such agreement. This suit being at issue, has been referred for trial. The defendant Leonard has since commenced the suit secondly entitled, setting up the same matters contained in his said answer more fully, and asking for affirmative relief against said agreement, and that the same be reformed according to the actual agreement therein stated. The defendants in the second action have put in their answers, the Auburn City Bank, among other defences, setting up the pendency of the former suit in bar. The said George N. Leonard, defendant in the first suit of the plaintiffs, in the second suit now moves that the proceedings in the first entitled suit be stayed until the second suit be tried and determined.

JAMES S. Cox, *for motion.*
WM. ALLEN, *opposed.*

E. DARWIN SMITH, Justice. If the matters set up in the complaint in the second suit are sufficient to entitle the plaintiff Leonard to a decree reforming the agreement therein mentioned, the same matter would constitute a complete equitable defence in the suit at law first commenced to enforce such agreement. *An equitable defence* may now be interposed to a legal action, and is equally available with a legal defence. (*Haire* agt. *Baker*, 1 *Selden*, 362 ; *Dobson* agt. *Pierce*, 2 *Kernan*, 162 ; *Cary* agt. *Goodman*, 2 *Kernan*, 266 ; *Phillips* agt. *Gorham*, 17 *N. Y. Rep.*, 275.) The case of *Haire* agt. *Baker* was very much like this. In that case Baker purchased a farm of Haire, and agreed to assume and pay as part of the purchase money a mortgage of $680, and the premises were conveyed to him by deed, in which no mention or exception was made of this mortgage. Baker did not pay the mortgage, but suffered it to be foreclosed and the premises to be sold, and then commenced an action at law on the covenant against incumbrances. Pending this action, Haire commenced a cross-suit in equity to reform the deed, and for an injunction. It was finally held in the court of appeals, that the same facts which entitled the plaintiff Haire to have the deed reformed in equity, were a complete *defence* in the suit at law ; but as the plaintiff could not have *affirmative relief* in such suit at law, and was entitled to such relief, the second action was rightly brought. These two suits were commenced in August, 1848, and the decision in the court of appeals was made in September, 1851. The Code, as it then stood, did not provide for giving a defendant affirmative relief. In the session of 1852 the legislature amended the Code in this particular, giving power as contained in section 274 to the court, " to grant to the defendant any affirmative relief to which he may be entitled." This amendment necessarily removes

the sole ground upon which the suit in equity for the reformation of the deed was sustained in *Haire* agt. *Baker*, and leaves that case an express adjudication in principle upon the point that a second action is unnecessary, and cannot in such case be sustained, for the reason that the same matter is a proper defence in the suit at law.

I cannot see in that case, why the equitable defence in the suit at law, if the same were established and sustained, would not have been entirely final and conclusive between the parties, and why any second suit was in any respect ever there necessary. But the court considered that the plaintiff in the second suit was entitled to have the deed reformed in fact. Such reformation the court now can give in a like case to the defendant setting up his equity in a suit at law, and this conforms in my opinion, as expressed in *Arndt* agt. *Williams*, (16 *Howard*, 244,) and in *Burns* agt. *Nevins*, (24 *Barb.*,502,) to the obvious policy of the Code to provide for and require the settlement of all controversies between the same parties relating to the same subject matter, in *one* action. In accordance with this view the motion in this case should be denied, if the answer of the Auburn City Bank in the suit in equity, of the pendency of a former suit in bar, in which the plaintiffs claim in equity is a good defence, is a good answer. It would be a good answer I think, if the *parties were the same* in both actions. The equity of Leonard to reform this instrument, would doubtless be lost if he suffered the plaintiff in the suit at law, to recover upon it without interposing in such action, his equitable defence. (*Foot* agt. *Sprague*, 12 *Howard*, 358.) It was essential therefore, for the assertion of such equity that it be asserted by an affirmative action before the commencement of a suit at law on the agreement, or be interposed as a defence in the action at law, (12 *How. Supra.*) But the plea of the pendency of a former suit for the same cause of action, always contained an averment that the parties were the *same* in both actions. (2 *Chitty's Plead.*,

19.) The plea or answer of the pendency of another suit, where the matters in litigation are the same, or may be litigated upon the option of the defendant to set them up by proper answers, is not precisely the same as the plea of another suit, commenced by the plaintiff for the same cause of action. But the same principle applies to both cases, for a matter which is necessarily involved in the former suit, and which may be litigated therein, cannot be the subject of a second action. This principle the court of appeals applied to a case of recoupment in an action for work and labor, in *Davis* agt. *Talbott*, (2 *Kernan*, 184,) and is eminently sound. Parties must assert their rights, whether legal or equitable, at the first opportunity. The principle obviously, does not apply to cases of contracts resting upon independent rights of action or other distinct claims existing between the parties. In this case it is clear that as between the Auburn City Bank and Leonard, all their claims in respect to the agreement in controversy can be fully settled and adjucated in the suit first commenced, and if no other persons were interested in such claim or counter claim, I should hold that the same must therein be litigated. But such litigation between the bank and Leonard would not affect the rights of Thomas N. Smith and Roger S. Torry in said agreement. The contract was not made between the bank and Leonard, but between Leonard and Smith, and Torry is interested also in said agreement, because it provides for the payment of the two drafts, accepted by him. These parties, Smith and Torry, must necessarily be brought before the court, before they can be concluded by any adjudication upon the terms of said agreement. In such cases where the plaintiff does not bring before the court, the requisite parties to enable it to adjudicate finally upon the questions in controversy, the defendant has no other course but to commence a new action in the nature of a cross-suit, and bring in the requisite parties. I think in this case, the defendant Leonard when prosecu-

ted by the bank, on the agreement in question, had the clear right to commence the second suit to reform the agreement, making Smith and Torry parties to such suit, and the court could not determine the questions upon such agreement conclusively in one litigation in any other way. Before the Code, the plaintiff in the second suit, would have been entitled to an injunction restraining the prosecution of the sult at law, till the determination of the suit in equity. The same relief may now be had by *order;* it being no longer necessary or proper to stay proceedings in the same court by injunction. But the counsel for the Auburn City Bank, urges that such order should not be granted, on the ground that the whole equity of the bill is denied. The bank it is true, puts the allegations of the complaint in issue, by a denial thereof. This denial is verified by the president of the bank, and states that he was present when some or all of the negotiations mentioned in the agreement took place, and is personally acquainted with the facts of the case, and in an affidavit states further, that the agreement in question, expresses the true contract then and there made. This does not answer the whole equity of the bill. The bank was not a party to the agreement unless made so by the act of Leonard its cashier, and a denial by it of the truth of the allegations of the complaint, is not the denial of a party to the contract. Smith and Torry are the parties interested in the contract and they do not answer, denying the allegations of the complaint in the suit of Leonard against them and the bank. It is also argued that the complaint shows no case in equity to reform the contract. It presents a *prima facie* case of mistake in the terms of the contract and error in respect to its terms. I cannot say upon this complaint, that the plaintiff may not be entitled, if he prove the facts to no kind of relief. He may possibly have some relief under the general prayer of his complaint from this contract, other than that of a reformation of the contract. I do not see that the case is

so clear on this point, that I should deny this motion on that ground. I am by no means sure that I should dismiss the complaint for insufficiency on the trial, or sustain a demurrer to it, and this I think is the rule which should govern a denial of the motion in such case. I think, therefore, the motion should be granted to stay the proceedings upon the first entitled suit, till the second is tried; but it should be upon condition that the plaintiff stipulate, to refer such action to the same referee to whom the action at law is referred, that the cases may be tried together, according to the practice in equity, in respect to original and cross-bills, (2 *Barb. Ch. Pr.* 155; *Van Santvord's Eq. Pr.*, 227;) otherwise there will be a delay of about a year, before such action in equity can be brought to trial. As the plaintiff asks a favor not of strict right, which the defendant, the Auburn City Bank were entitled to defend, the defendant is entitled to the costs of opposing, seven dollars.

Motion granted upon these terms.