## MACY *a.* WHEELER.

### *Court of Appeals; June Term,* 1864.

SHIPPING.—LIABILITY OF OWNER.—APPEAL.—MOTION FOR
NEW TRIAL.

In an action for supplies furnished to a registered vessel, the question is, to whom was the credit given; and in the absence of an express contract, the law adjudges it to have been given to the party in actual possession of the vessel.

A person in possession of a vessel, and claiming to be proprietor, has no implied authority to bind the registered owner for supplies.

On a motion for a new trial, the Supreme Court at general term may examine the evidence in the cause, at large, overrule the conclusions of fact to which the jury have arrived, and order a new trial upon the whole case.

But the Court of Appeals on appeal from their decision must affirm the order, unless the conclusions of fact arrived at by the general term are wholly unsupported by the evidence.

Appeal from an order of the Supreme Court granting a new trial.

This cause was tried before Emott, J., and a jury, and resulted in a verdict for the plaintiff. A motion for a new trial, made on a case, was denied at special term, but on appeal from the order, the general term ordered a new trial. From this order the plaintiff appealed to the Court of Appeals.

The action was for supplies furnished the bark Peytona. The defendant was registered owner, but the evidence showed that he held the title solely as trustee without having any individual interest. One Pelletier managed the vessel, and was advertised as her proprietor. The other facts are stated in the opinion.

*C. N. Black,* for the appellant.

*Everett P. Wheeler,* for the respondent.

WRIGHT, J.—The only exception on the part of the defendant was to the refusal to non-suit at the close of the plaintiff's

evidence. It was not, perhaps, error to decline to hold on the proof then given, as matter of law, that the defendant had not such a beneficial ownership and possession of the vessel, at the time the sails were contracted for and furnished, as to render him responsible, or that the contract was made with, and the credit given to Pelletier and not to the defendant, or that Pelletier had no actual authority from the defendant to contract on his behalf for the sails. These were questions of fact. If the defendant was the merely legal and registered owner of the vessel, holding the title for himself as security, or in trust for others, and not in point of fact in possession of, and controlling her, either as to her destination and employment, or the proceeds of it, he would not be liable. The legal and recorded title does not of itself decide the question of liability for supplies furnished to a registered vessel.

The question is, to whom was the credit given, and the law adjudges it to have been given to the person in actual possession of the vessel, who controls her operations, receives her freight and earnings, and directs her destination. So, also, conceding the defendant to have been in possession, and to have sustained such a relation to the vessel as owner as to be responsible for necessaries furnished for her use, if the contract for the sails was made with, and the credit given to Pelletier, there was no foundation for the plaintiff's claim. And, again, it was undisputed that Pelletier ordered the sails. He was not the master of the vessel, and had no implied authority as such to bind the defendant. He was a witness for the plaintiff, and testified that he was the owner, he was advertised as proprietor; and there was no evidence to connect him with the vessel except as owner and proprietor. He was that or nothing. There was, therefore, no implied authority in him.

The further and remaining question was whether Pelletier was expressly authorized by the defendant to contract with the plaintiff for the sails on his responsibility. If he was without express authority the defendant would not be bound. Even though the defendant was in the possession of the vessel, and actually received the sails contracted for by Pelletier voluntarily, he would not be bound to account for them if there had been no previous request on his part. The rendition of services at the request of one party, beneficial to another, without a

previous request from the latter, does not raise an implied promise on his part to pay for them.

It is thus seen that the liability of the defendant depended upon certain conclusions of fact, there being no controversy as to the law of the case, at least, as far as the rights of the plaintiff were affected. The plaintiff had a verdict which could only have been warranted by a finding :

1st. That the contract was not made with, and the credit given to Pelletier exclusively.

2d. That the defendant was in actual possession of the vessel, controlling and managing her movements, interested in her voyage, and directed what should be done with her in all respects as her owner when the sails were furnished, or that he expressly authorized Pelletier to contract for the sails on his responsibility.

The Supreme Court had the undoubted power and right to examine the evidence at large, and upon the whole case, including the law and the facts, to set aside the verdict and grant a new trial. That court could from the evidence reach different conclusions of fact from those found by the jury. In reviewing trials, its power is to pass upon questions of fact as well as law; while this court is confined to the correction of errors of law only. Having no power to review any question of fact determined in the subordinate courts, when a new trial has been granted, we are obliged to affirm the order if it can stand consistently with any view to be taken of the evidence given at the trial where it has been by jury. (Hoyt a. Thompson, Ex'r, 19 *N. Y.*, 207; Sandford a. Eighth Avenue R. R. Co., 23 *Ib.*, 343.)

We are in this position in the present case. The jury found certain facts, and predicated a verdict upon them : upon an examination of the evidence at large, and upon the whole case, the Supreme Court has ordered a new trial. It has reached different conclusions of facts from those found by the jury; and an examination of the case shows that these conclusions are not wholly unsupported by the evidence. Indeed, such examination, instead of leading to the conclusion that the order granting a new trial is not to be justified by any view to be taken of the proof given, plainly shows that the plaintiff established a defence by the clear preponderance of testimony. The

evidence tended strongly to show that the plaintiff contracted with Pelletier for the sails, and upon his credit; that although the defendant held legal title to the vessel, Pelletier was the equitable owner in possession, controlling and managing her, directing her destination, and having the sole right to receive her freight and earnings, and that he ordered the sails on his own responsibility, irrespective of any actual authority from the defendant.    It is enough, however, that the Supreme Court might have taken this view of the evidence.

As we are without power to review questions of fact determined in the subordinate courts, we have no recourse but to affirm the order granting a new trial.    The plaintiff instead of appealing from the order, and stipulating for final judgment in case it should have been affirmed, ought to have gone down to another trial.    But we have no power to give the case that direction.

The order granting a new trial must be affirmed, and judgment absolute rendered against the appellant.