Jones, J.
I know of no principle, nor have I been able to find any authority, to support this motion. I have no power to stay the proceedings in the district court, and compel the defendant to rely on his answer in this action, or authority by an order in this suit, to stay the defendant’s proceedings in another court. Bor can I deprive him of his right to select his own tribunal for the trial of the cause of action which he claims to have against the plaintiffs.
All the cases cited by the plaintiffs’ counsel have been examined by me, and none of them are authority for such a motion as this. The cases of The Auburn City Bank v. Leonard, and Leonard v. The Bank, (20 How. Pr. 193;) Fuller v. Read, and Read v. Fuller, (15 id. 236,) were cases where both actions were pending in the same court, and the court held that it had such control over the proceedings in it as to' stay those in one action until the trial of the other. In Hammond v. Baker, (3 Sandf. 704,) the plaintiff, after commencing the suit in this court, commenced another in a court in the state of Bhode Island. The court held it could not restrain a resident of Bhode *308 Island from prosecuting a suit there, even for the same cause, but could restrain proceedings in the suit in this court. In McCarthy v. Peake, (9 Abb. 164.) Peake and McCarty had been partners. Peake brought an action in this court against McCarty, to restrain him from interfering with the partnership property, and obtained a temporary injunction. Afterwards McCarty commenced an action in the Supreme Court against Peake, to close up the partnership affairs, and obtained an injunction and an order appointing a receiver. The latter court held this language: “Under the decisions which have repeatedly been made in this court and the Superior Court, the court which first acquires jurisdiction of the case should dispose of the whole matter. Any other court in which subsequent proceedings are taken for the same purpose, should, as well from feelings of amity as from a desire to avoid a conflict of jurisdiction, restrain the further prosecution of the second action,” But there is here no intimation that the court can restrain proceedings in another court.
The other cases have clearly no application. Many of them are decisions upon the doctrine of compelling an election. The present motion is not to compel an election, and, therefore, it is unnecessary to consider what the rule of law may be in that respect.
Motion denied, with costs.