Oliver Porter, Respondent, *v.* Augustus W. Kingsbury et al., Appellants.

A plea of a former suit pending can only be supported by showing, as matter of fact, that a former suit was pending when the second action was commenced.

Such a plea cannot be supported by proof of an unsatisfied judgment against the plaintiff in a prior unsuccessful action upon the claim, which is the subject of the second action.

This plea was interposed in an action upon an undertaking given on appeal. It appeared that a former action had been brought, the complaint in which omitted to allege that notice of judgment had been served

as required by the Code of Procedure (Old Code, § 348); the complaint was demurred to and demurrer sustained because of this omission; and before the commencement of the second action the former suit had proceeded to final judgment on the demurrer, which judgment remained unsatisfied. Notice of judgment was served after the commencement of the first and prior to the second action. *Held*, that the plea was not sustained; also that the former judgment was not a bar.

Also, *held*, that an appeal brought in the first action, after the commencement of the second, had no retroactive effect, so as to sustain the plea. *Wegman* v. *Childs* (41 N. Y., 159), distinguished.

(Argued April 11, 1879; decided April 25, 1879.)

APPEAL from order of the General Term of the Supreme Court, in the third judicial department, reversing a judgment in favor of defendants, entered upon a decision of the court on trial without a jury. (Reported below, 13 Hun, 33.)

This action was brought upon an undertaking given on appeal. Defendants pleaded a former suit pending.

It appeared and the court found substantially, that prior to the commencement of this action, plaintiff brought suit against defendants upon the same undertaking. It was not alleged in the complaint in that action that notice of judgment had been served as required by the Code of Procedure. (§ 348.) Defendants demurred on the ground that the complaint did not state facts sufficient to constitute a cause of action. The demurrer was overruled by the Special Term, but was sustained on appeal to the General Term and final judgment in favor of defendants, was entered January 3, 1876. This action was commenced February 17, 1876. On March 11, 1876, plaintiff appealed to this court from the former judgment, which appeal was pending and undetermined at the time of the trial of this action.*

*M. M. Waters*, for appellants. The pendency of another action is a defense to an action between the same parties for the same cause. (10 N. Y., 500; Code of Procedure, §§ 144, 147; Code of Civil Procedure, § 488; *Ritter* v. *Worth*, 58 N. Y., 627–630; 6 Am. L. Reg., 100.) An action is pending

---

* The judgment was subsequently affirmed. See mem. of decision, 71 N. Y., 588.

though judgment has been recovered therein, as long as such judgment remains unsatisfied. (*Wegman* v. *Childs*, 41 N. Y., 159.) Assuming that the former action was not pending between the entry of judgment and perfecting of appeal yet as the pendency arose before answer and was pleaded and proved without objection and found as a fact it was a valid defense. (19 Abb., 258; 9 How. Pr., 568; 16 Abb., 173; 49 How. Pr., 97; 41 N. Y., 113; 10 id., 500; 3 How., 414; 4 Hill, 166.) The former action was pending after the appeal was perfected. (4 Den., 84; 7 Wend., 434; 21 id., 434; 7 Wkly. Dig., 212; 25 N. Y., 485; 8 How., 140; 12 Abb., 247; 2 Duer, 611; 35 How., 369.)

*Nathaniel C. Moak*, for respondent. The judgment pleaded was no bar to this action. (*Porter* v. *Kingsbury & Newton*, 5 Hun, 597; *Miller* v. *Manice*, 6 Hill, 114; *Bouchard* v. *Davis*, 3 Den., 238; *Stowell* v. *Chamberlain*, 60 N. Y., 272.) The appeal brought March 11, 1876, is not good as a plea in abatement. (*Gormly* v. *McIntosh*, 22 Barb., 271; *Rice* v. *Floyd*, 1 Comst., 608; *Enos* v. *Thomas*, 5 How., 361, 366; *Pratt* v. *Allen*, 19 id., 450–456; *McLaren* v. *Charrier*, 5 Paige, 530; *Fenno* v. *Dickinson*, 4 Den., 84; 18 How., 123; 35 Barb., 213; 39 Bard. 166; *Burrall* v. *Vanderbilt*, 6 Abb., 70–73; *Sage* v. *Harpending*, 49 Barb., 174–175; *McLean* v. *Bovee*, 35 Wisc., 27, 34–35; *Litchfield* v. *Smith*, 7 Robt., 306; *Quackenbush* v. *Ehle*, 5 Barb., 469; 1 Greenl. Ev., § 530; *Wright* v. *Wright*, 72 N. Y., 149; *Bowman* v. *Cornell*, 39 Barb., 69; Code, § 339; *Curtis* v. *Cobb*, 8 J. R., 470–471; *Lowry* v. *Lawrence*, 1 Caine's R., 69–71; *Jenkins* v. *Pepoon*, 2 Johns. Ch., 312.) When this suit was commenced plaintiff's right of action was vested and complete, and the appeal subsequently taken could not divest him of that right. (*In re Berry*, 26 Barb., 55; 71 N. Y., 588; *Heebner* v. *Townsend*, 8 Abb., 234; *Laflin* v. *Griffiths*, 35 Barb., 58–63; *McLean* v. *Bovee*, 35 Wisc., 27–34–35; *Moyer* v. *Scott*, 30 Mich., 345, 348.)

ANDREWS, J.   The plea of a former suit pending between the parties for the same thing, was allowed, to prevent vexatious and oppressive suits, and if sustained, the second writ abated, and judgment passed for the defendant.   It was however a plea which in its nature related to the facts existing at the commencement of the action in which the plea was interposed.   The question was whether at the time of suing out the second writ, there was a writ in being, and it was formerly held to be no answer to the plea that the first suit was ended, when the plea was put in, and the reason given is, that if there was a suit in being at the time of suing out the second writ, it was plain that the second was vexatious, and ill *ab initio.*   (Bac. Abr., tit. Abatement [M.] ). And in a case from the year books (39 H. C., 12 pl. 16, cited in 5 Mass., 174), it was holden, that it must appear of record that the two actions are for the same cause, and that the first writ was pending " when the second writ was purchased." In this State the rule is settled that a discontinuance of the first suit after the commencement of the second suit may be shown in answer to the plea, and in this respect the stringency of the ancient rule has been relaxed.   But it is plain that the plea of a former suit pending can only be supported by showing as matter of fact that a former suit was pending when the second action was commenced.   The facts relied upon to support the plea in this case do not show a former suit pending at the commencement of this action.   The former action had proceeded to final judgment on the demurrer, against the plaintiff.   Judgment dismissing the complaint with costs had been entered on the decision of the General Term.   The demurrer was sustained on the ground that the complaint did not show that notice of the judgment had been served as required by section 348 of the Code of 1848, prior to commencing the action on the undertaking.   This notice was served subsequent to the commencement of the first action, and prior to the present action, and the original judgment is no bar to a new action brought after the right of action became complete by the service of

notice. (*Quackenbush* v. *Ehle*, 5 Barb., 469; *Bank* v. *Lewis*, 8 Pick., 113; 1 Greenl. Ev., § 530.) The judgment entered against the plaintiff in the first action was final. That action upon the entry of the judgment was determined, and was no longer pending. The rights of the parties were adjudicated, and the defendants were at liberty to issue execution to collect the costs awarded by the judgment, and the only right left to the plaintiff was the right to appeal to this court, which he might, or might not exercise. This action was then commenced, and it is plain that the former action was not then pending. No appeal had been taken from the judgment dismissing the complaint in the first action, and the judgment was in full force. We are referred to *Wegman* v. *Childs*, (41 N. Y., 159), as sustaining the opposite view. In that case the question was whether the Supreme Court, after the constitution of 1846, which provided that " all suits and proceedings originally commenced, and then pending in the Court of Common Pleas, on the 1st Monday of July, 1847, shall become vested in the Supreme Court, hereby established, " could award execution on a judgment recovered in a Court of Common Pleas, before the adoption of the constitution, and it was held that the suit in which the judgment was recovered should be regarded as pending in the Common Pleas, at the time of the adoption of the constitution, within the intent and meaning of the constitutional provision, and that the Supreme Court had jurisdiction to award execution on the judgment. This construction of the constitutional provision was essential, to prevent a failure of justice, and an enlarged and liberal construction of the language was manifestly proper. But it would, we think, be adopting a new principle in the law, to hold that a plea of a former suit pending, may be supported by proof of an unsatisfied judgment against the plaintiff in a prior unsuccessful action, upon the claim, which is the subject of the second action. If the former judgment is a bar it may be pleaded as such, but the action is terminated and ended by a final judgment,

and is we think no longer pending within the meaning of this plea. In *Rice* v. *Floyd*, (1 Comst., 608), it was held that an action in which judgment had been rendered prior to July 1, 1848, could not be regarded as a suit pending at that time, so as to bring the case within the 2d section of the act, (chap. 380, of the Laws of 1848) which applied certain provisions of the Code of Procedure to future proceedings at law, or in equity in suits " pending when that Code shall take effect." Our conclusion is that the defence of a former suit pending was not sustained. The subsequent appeal brought by the plaintiff in that action, from the judgment of the General Term to this court, had no retroactive effect. Assuming that if the appeal had been brought before the bringing of the second action, the first action would, by reason of the appeal from the judgment, be deemed to be pending, and would have prevented the plaintiff bringing a second action, until the determination of the appeal, we know of no precedent which would authorize us in holding that the appeal is to be deemed to relate to the entry of the judgment appealed from, so as to defeat the plaintiff's action properly brought, intermediate the judgment, and the appeal. The court below had power to stay the proceedings in this action until the determination of the appeal from the judgment, and the extraordinary extension of the plea of former action pending which the defendant asks in this case, is quite unnecessary to the protection of the rights of parties.

The order of the General Term should be affirmed, and judgment absolute ordered for plaintiff, on the stipulation, with costs.

All concur.

Order affirmed and judgment accordingly.