JENNIE W. HALL, RESPONDENT, v. EATON J. RICHARD-SON, APPELLANT.

*Executor—when personally liable upon an agreement made in regard to the estate—when his promise to pay is valid, though not in writing—action against him in his representative capacity, does not bar one against him individually—section 829 of the Code of Civil Procedure does not apply to an action against him individually.*

Upon the death of one Luther Hall, the plaintiff, who was in possession of a farm and certain articles of personal property, claimed to be entitled thereto by virtue of an agreement made with the deceased. Thereupon the plaintiff, her husband, and the defendant, who was the executor of Luther Hall, entered into an agreement, in the presence and with the consent of Hall's widow, who was beneficially interested in the property, by which the plaintiff released and surrendered her interest in the property to the defendant, upon the defendant's personally agreeing to make certain payments to her.

In an action brought by her to enforce the agreement, *Held*, that the agreement was founded upon a sufficient consideration, and that, being an original one, it was valid, though not in writing.

That the fact that the widow was present at the time it was made did not render her liable thereon, or require her to be made a party to the action.

That the fact that a former action had been brought against the defendant as executor, upon the same agreement, in which a judgment had been entered in his favor on the ground that he was not liable thereon in his capacity as executor, did not prevent the maintenance of this action.

That as this action was not brought against the defendant in his representative capacity, the testimony of the plaintiff and her husband as to the interest accruing to her in the property by virtue of her agreement with the deceased, was not rendered inadmissible by section 829 of the Code of Civil Procedure.

That the defendant could not defeat the action by showing that the plaintiff took the title to the property to prevent her husband's creditors from seizing it.

APPEAL by the defendant from a judgment in favor of the plaintiff, entered upon the report of a referee.

The defendant was appointed and qualified as sole executor of Luther Hall, deceased, who died August 17, 1871, leaving a farm and certain personal property in Whitestown. The plaintiff claimed to be a tenant in possession of the farm, and to have certain personal property on it. There was a controversy between the plaintiff, her husband and others interested in the estate, and an adjustment was made thereof, by which she surrendered her interest in the property to the defendant, on his agreement to pay to her certain amounts. Subsequently the plaintiff brought an action against the defendant *Richardson*, as executor, claiming a recovery upon the agreement made in the adjustment.

In that action, a judgment was rendered for the plaintiff, from which the defendant appealed to the General Term, which reversed the judgment, holding in effect that the defendant, as executor, was not liable; but that the arrangement made and entered into by him with the plaintiff, was binding upon the defendant personally. No appeal was taken from that decision, and a new trial was had in that action, and a judgment rendered in favor of the defendant as executor, as appeared by the judgment record brought up on the argument of this appeal.

*George W. Adams*, for the appellant.

*W. & J. D. Kernan*, for the respondent.

HARDIN, J.:

We think the former action was not a bar to this action. (*Porter* v. *Kingsbury*, 77 N. Y., 164.)

In the former action, the defendant here was sued in his representative capacity, here he is made a defendant in his individual capacity. Under such circumstances, the pending of the former action was not a defense to this action. There was not " another action pending between the same parties for the same cause." (Code Civ. Pro., §§ 488, 498 ; *Kelsey* v. *Ward*, 16 Abb. Pr., 98 ;. affirmed, 38 N. Y., 80 ; *Auburn City Bank* v. *Leonard*, 20 How. Pr., 196.) We do not think that Patience S. Hall was a necessary party. The title of the personal property, upon the death of the testator, passed directly to the executor. (*Sherman* v. *Page*, 21 Hun, 59 ; and cases there cited in the opinion of HARDIN, J.)

To relieve it of the equities and interests therein claimed by the plaintiff to exist at the time of the adjustment, the defendant personally made an agreement, and upon that agreement so made by him, the recovery proceeds. It is no answer to his personal liability, to say that the adjustment was made with the knowledge of Patience S. Hall, the widow, who also had a beneficial interest in the property. The averment is, that the defendant personally (and alone) made a promise to pay the plaintiff certain sums, if he would surrender to him the property, and all his interest in the same. Such is the finding of the referee, upon the evidence tending to support the averment. That Mrs. Hall was present at the settlement, and acquiesced in it, may be conceded ; but that did not render it necessary or proper that she should be a party, to enable the court to determine what agreement the defendant, and what liability he, personally incurred, to enable him to obtain immediate and full possession of the property.

We do not think the referee would have been justified in treating the counter-claim or recoupment set up in the *fourth* answer as true, and admitted by the pleadings. The plaintiff has made a reply in form thereto, and upon that reply as part of the proceedings, the parties went down to trial. If it was inartistically drawn, or was irregular in form, the defendant should have moved the court to strike it from the record. As long as it stood in the record,

it was the duty of the referee to treat it as a denial of the matters stated in the fourth defense. Nor do we think the fourth answer sets up a counter-claim in favor of the defendant personally. The agreement found by the referee to have been made by the defendant was an original one, and was valid, though not in writing. It was not void by the statute of frauds because not in writing. (*Prime* v. *Koehler*, 77 N. Y., 91.)

At the time the agreement upon which the recovery has been had was made, the plaintiff claimed some interest in the property as owner, as tenant, &c., and the defendant formed a sufficient consideration for his promise to pay her the sums stated by the referee. It is no defense to such an agreement that doubtful motives led to the acquisition of that property, or an interest in it, or the lease of the land. Even though it be conceded that she took the title in the property and a lease of the farm from the intestate in her name, to hold the same secure against any attacks or claims thereto by the creditors of her husband, the defendant, upon receiving her surrender of the lease, her transfer of the interest she had actually acquired in the personal property, ought to keep his promise, and it does not lie in his mouth, after receiving the consideration he stipulated for, to turn around and say she acquired the rights and property surrendered because she knew if her husband took them, by purchase or otherwise, they would be liable to be seized and taken by his creditors. The consideration for the defendant's promise to pay was good and sufficient. (*Seaman* v. *Seaman*, 12 Wend., 381; *Farmers' Bank* v. *Blair*, 44 Barb., 641.)

It is strenuously insisted by the learned counsel for the defendant that the evidence of the plaintiff, and that of her husband, was not admissible to establish the extent of her interest in the property surrendered to the defendant, and especially that part which relates to renting the lands of Luther Hall, deceased, and the transactions and negotiations had with him by the plaintiff in respect to the personal property. But section 829 of the Code of Civil Procedure does not apply, as this action is against the defendant in his personal character, not as executor, assignee, or any other of the representative characters named in the section.

The case of *Whitehead* v. *Smith* (10 Weekly Dig., 198), opinion

by RAPALLO, J., does not lay down a different rule. In that case the action was brought by an executor, and the court held that a husband could not, while section 829 of the Code of Civil Procedure was in force, be a witness against the *executor*. The principle of that case would have excluded Joseph L. Hall from being a witness to personal transactions with his deceased father, if this action had been against his *executor, as such.* (*S. C.,* 7 Weekly Dig., 133.)

There was no error committed in receiving evidence of the assignments of the Calalenda Vandenburg mortgage. It tended to establish an interest in the plaintiff in the property which was made the subject of the adjustment and agreement between her and the defendant.

After the proof was given that the assignment was delivered to Luther Hall, the deceased, the presumption was, that the defendant, his executor had them, and if he could not find them or would not, and maintained they were lost, then it was proper to give parol evidence of their contents. No objection was properly taken, that the subscribing witness was not called to give evidence of the execution of the instrument subscribed by him. The objection is unavailing here. The appellant urges correctly that we may examine the evidence, and reach a different conclusion from the referee, in respect to whether the agreement found was in fact, made. (*Macy* v. *Wheeler,* 18 Abb. Pr., 73; *S. C.,* 30 N. Y., 231.) However, a careful consideration of the evidence, as presented in the case before us, reveals a conflict upon the vital question as to whether the defendant promised as the referee has found. The referee had better opportunities than we can have, to consider what weight should be given to all the circumstances and evidence, and we cannot say that he has found against the fair weight and strength of the evidence.

The defendant had been named as an executor, and he found a controversy in respect to the assets, before he had qualified as executor. It was a controversy which might have led to long and angry litigation, and he, as a careful, prudent, business man, fond of peace and harmony in respect to estates, may have deemed it prudent and advisable to bargain for a solution of the difficulties, and, therefore, advisable to make just such an adjustment as the referee finds

was made. We do .not feel at liberty to disturb the finding of the referee upon the conflict of evidence which was before him. If the finding was without evidence, we, of course, should interfere and set it aside. (*Lansing* v. *Stone*, 37 Barb., 15·; *Townsend Mfg. Co.* v. *Foster*, 51 Barb., 346, affirmed in 41 N. Y., 620.)

The referee having found the agreement was made personally by the defendant, and not as executor, we think the conclusion of law to the effect that the defendant was personally bound, was correct, and in accordance with well settled authorities. (*Ferrin* v. *Myrick*, 41 N. Y., 315; *Austin* v. *Munro*, 47 Id., 360; *Levin* v. *Russell*, 42 N. Y., 251; *Camp* v. *Barney*, 6 N. Y. Sup'm. Ct., 624.)

In *Chouteau* v. *Suydam* (21 N. Y., 179), there was a written contract, and upon a full consideration thereof, it was held *not to be a personal contract.* That case does not aid the defendant here, where the finding is to the effect that the agreement was made with intent to bind the defendant personally, and not in his representative character as executor.

The referee's findings as to the amount of the difference between the value of the crop of 1869 and the value of the crop of 1871, was based upon a conflict ·in the evidence, and we cannot say that his conclusions are against the weight of the evidence.

Our conclusion is that the report and judgment should stand.

TALCOTT, P. J., and SMITH, J., concurred.

Judgment affirmed.