*CHARLES LAUER ET AL. V. MARY B. SMITH, ADMX.

1. THE REMEDIAL PROVISIONS OF SEC. 5464 REV. STAT. ARE AVAILABLE TO ALL CREDITORS.

The remedial provisions of Sec. 5464 Rev. Stat., permitting judgment creditors to proceed against equitable assets, are available for every judgment creditor entitled to an execution against property, and apply to proceedings in aid of execution against estates of deceased persons, as well as to actions in favor of, and against, the living. Therefore, judgment having been rendered against an administrator, the eighteen months allowed by Sec. 6105 Rev. Stat., before which execution may not issue against an administrator, or the further time allowed by court for the collection of assets, having expired, and there being no property in the hands of the administrator subject to levy an execution sufficient to satisfy the judgment, a proceeding in aid of execution to subject money in the hands of debtors of such estate is properly brought.

2. JUDGMENT DISMISSING PROCEEDING IN AID OF EXECUTION NOT A BAR, WHEN.

A judgment, dismissing a proceeding in aid of execution to subject money in the hands of defendants due the estate of a deceased debtor, brought before the expiration of the eighteen months allowed by Sec. 6105 Rev. Stat., because prematurely brought but not heard upon the merits, is not an adjudication of the rights of the parties concluding the bringing of another proceeding in aid of execution upon the same cause of action and between the same parties after the expiration of the eighteen months' limitation, the probate court not having granted further time for the collection of assets.

3. ONLY ONE SUIT UPON SAME SUBJECT MATTER BETWEEN SAME PARTIES.

A party is not permitted to have more than one lawsuit concerning the same subject, between the same parties, in the same court, and at the same time. Bringing more than one suit, as above, is vexatious and improper, for which the party so offending may be required to dismiss the vexatious suits, pay the costs made in bringing them, and, perhaps, subject him to an action for damages, but the fact of the bringing and dismissal of such suit will not amount to a complete defense to a good faith action.

Dore & Dore, for plaintiffs.

Willis Bacon and Geo. E. Seney, for defendants.

DAY, J.

The plaintiff's action is in virtue of the provisions of Sec. 5464 Rev. Stat., in aid of execution, and for the purpose of reaching certain assets said to be in the possession and control of the defendant, George E. Seney, and applicable to the payment of the claim of plaintiffs.

The petition alleges, that the defendant, Mary B. Smith, was appointed administratrix *de bonis non*, with the will annexed, of Fredolin Smith, deceased, on February 6, 1896; that the eighteen months allowed by law for the collection of the assets of the estate have

* Affirmed by Supreme Court, without report, 65 Ohio St. 563.

expired, and no further time has been allowed by the probate court for that purpose; that plaintiffs, on June 22, 1896, by the consideration of the court of common pleas of Seneca county, recovered a judgment against Mary B. Smith as such administratrix, in the sum of $694.20 and costs, which judgment is in full force; that the said administratrix has no personal or real property sufficient to satisfy such judgment subject to levy on execution; that defendants, George E. Seney and Willis Bacon, have money in their possession belonging to the said administratrix.

The prayer is that defendants Seney and Bacon be required to answer and disclose the amount of money in their hands belonging to the administratrix, and that they be required to pay the same, or a sufficient amount to satisfy the judgments of plaintiff, over to the clerk of this court, to be applied in satisfaction of said judgment and costs.

The defendant Smith, administratrix, answers and denies all the allegations of the petition, first, and as second and third defenses, pleads a former adjudication of the same matter between the same parties, which adjudication is still in full force. And third, that an action between the same parties commenced August 7, 1897, for the same relief and based on the same facts, is pending in the court of common pleas of Seneca county, Ohio, and undetermined.

Defendants Bacon and Seney both answer and say the same thing as the administratrix, that the matter has been adjudicated, and the pendency of another action concerning the same matter.

All of which is denied by a reply.

The matter has been heard upon the evidence and admissions of fact submitted by both sides. The admissions are that all the averments of the petition are true, and that defendant, George E. Seney, has in his possession money belonging to the administratrix more than sufficient to satisfy the judgment and costs. The evidence shows that on January 7, 1897, the plaintiffs commenced an action against the defendants named herein by filing a petition containing all the averments of the petition in this case, except the statements that eighteen months allowed by law to the administratrix in which to collect and settle the estate had elapsed and that further time was not allowed by the probate court for that purpose.

A demurrer to the petition was sustained by the common pleas court, and plaintiffs, not desiring to amend or further plead, the petition was dismissed at the costs of plaintiffs. The circuit court, on error, affirmed the judgment of the common pleas, and remanded the case to the common pleas for execution and for cost. That judgment is still in full force. This judgment and affirmance is claimed as adjudicating the

rights of the parties and concluding them in the case now before the court.

That case was not tried on the merits, but was a dismissal of the case solely on the ground that it was prematurely commenced; that the plaintiffs, at that time, had not a right of action against the administratrix, for the reason that the eighteen months allowed by law, and such further time as might be allowed by the probate court, had not elapsed, and there existed the bar of the statute against an action or execution in favor of the plaintiffs until such time as the law provided had elapsed. The judgment, therefore, was in no sense an adjudication of the rights of the parties in the matter, but only of the import and to the effect that plaintiffs were not at that time permitted to proceed against the administratrix. We find that the defense claimed of former adjudication is not sustained.

The evidence also clearly shows that on August 7, 1896, the plaintiffs commenced an action for the same identical cause as the action we have tried and are now considering; that summons was served on defendants, and defendants made answer substantially as in this case, that on November 8, 1897, being the first day of the November term, 1897, of the court of common pleas of this county, the case was dismissed without prejudice to another action at the costs of plaintiffs.

The action now under consideration was commenced August 17, 1897, only ten days after the action that was dismissed November 8, 1897. For a period of eighty-three days plaintiffs had two actions pending in the same court, for the same thing, and between the same parties. Under the law a party is not permitted to have and enjoy the luxury of more than one lawsuit concerning the same subject, between the same parties, in the same court, and at the same time. All in excess of one suit would be regarded as vexatious and improper, and upon the attention of the court being directed to the fact by answer or demurrer would subject the offending party to discipline, requiring him to dismiss the vaxatious suits and be made to pay the costs made in bringing them, and, perhaps, subject him to an action in behalf of the injured party for damages. This, I apprehend, would be the only penalty for commencing too many suits, and the fact would not amount to a complete defense to an action, commenced and pending in good faith for the adjudication and settlement of the rights of parties in a transaction.

The third answer, of another case pending, therefore, would not be a defense to the claim of plaintiffs asserted in their petition, especially in view of the unquestioned fact that when the case was tried both in the common pleas and here there was not another action pending at all, but had been before that time voluntarily dismissed without prejudice, at the

costs of the plaintiff. Plaintiffs had, perhaps, again begun their action prematurely and before the full running of the eighteen months, and again suffered the humiliation of having to dismiss the case and pay the costs, but that fact is no defense to their claim, asserted in this case, which was begun after the expiration of the eighteen months allowed by law to the administratrix. We find the alleged third defense is not sustained.

The first defense, as I have said, was a denial of the allegations of the petition, and, on the hearing, the denial was withdrawn and the truth of the averments of the petition was conceded.

So, the defenses having all failed, the only question remaining is one of law, and is, are the provisions for proceeding in aid of execution by action of Sec. 5464 Rev. Stat., available to the plaintiffs as against an administratrix of the estate of a deceased person? Section 6105 Rev. Stat. provides that an execution against an administrator or executor may issue when the eighteen months allowed by law or the further time allowed by the court for the collection of the assets of the estate have expired. This provision gives the plaintiffs a right to have an execution issued against the administratrix, Mrs. Smith, in this case. Section 6107 Rev. Stat. provides: "All executions against executors and administrators for debts due from the deceased, shall, except in the cases otherwise provided for herein, run against the goods and estate of the deceased in their hands," etc. The cases otherwise provided for do not include the case of plaintiffs herein. So it is clear that the execution plaintiffs are entitled to, under Sec. 6105 Rev. Stat., runs against the estate of the deceased in the hands of the administratrix, Mary B. Smith.

In view of these provisions, and of the requirements to liberally interpret and construe all remedial provisions of the code, we think it not a strained or unwarranted construction to hold that the remedial provisions of Sec. 5464 Rev. Stat. are available for every judgment creditor entitled to an execution against property of the judgment debtor, authorizing a proceeding in aid of execution by action to subject any equitable estate or money of the debtor in the hands of an administratrix to the payment of the judgment.

Section 5464 Rev. Stat. provides: "When a judgment debtor has not personal or real property subject to levy on execution sufficient to satisfy the judgment, any equitable interest * * * in real estate * * * or any interest * * in any banking * * * company, or in any money contract, claim, or chose in action, due or to become due, * * * or any money, goods, or effects, * * * in the possession of any person, shall be subject to the payment of the judgment, by action."

It does not require liberal or any construction to find that this money held by George E. Seney is part of the estate of the deceased, Fredolin Smith, and is, in law, in the hands of his administratrix, Mary B. Smith. That is a conceded fact, and under Sec. 6107 Rev. Stat. the plaintiff's execution, with the aid of Sec. 5464 Rev. Stat., runs against the estate of the deceased in the hands of his administratrix, Mary B. Smith, and subjects it to the payment of the judgment of plaintiff. Such is the conclusion of the majority of the court. In this conclusion Judge Price does not concur.

We do not think the evidence offered as to the insolvency of the estate of Fredolin Smith, deceased, and as to the probable per cent. the estate will pay, under the pleadings of the case, is admissible. Such evidence would be competent if an issue of that kind was tendered by the defendants, but we think not otherwise.

The objection to this evidence is sustained, and exceptions may be noted. The finding is for plaintiff, and George E. Seney, defendant, is ordered to pay over of the money in his hands belonging to the administratrix a sum sufficient to satisfy the plaintiff's judgment, interest and cost. Costs are taxed to the administratrix. Judgment accordingly and cause remanded for execution.

NORRIS, J., concurs.

PRICE, J., dissenting:

I differ from my associates only upon one proposition. I agree with them that the former adjudication is no bar, for the reason the first petition omitted averments, the assignment of which makes the second petition good. As to the pendency of another action at the time this last case was commenced, which appears from the evidence was dismissed before the second case came to trial, the second case has been sustained by two decisions; one in Harris v. Trimble, 13 Re. 444 (1 C. S. C. 108, 110), and a case Porter v. Kingsbury, 77 N. Y. 164.

My only ground of dissent is that Sec. 5464 Rev. Stat. is intended to confer action in favor of and against living persons; especially living persons, but when a man dies his estate passes into the hands of persons representing him, and all rights must be worked out against the administrator through the provisions of the special procedure provided for the settlement of the estates of deceased persons, and Sec. 5464 Rev. Stat. ought not to apply in this case.