## PROCEEDINGS IN AID OF EXECUTION AGAINST ESTATES OF DECEASED DEBTORS.

[Circuit Court of Seneca County].

CHARLES LAUER ET AL V. MARY B. SMITH, ADMINISTRATRIX.*

Decided, December Term, 1899.

*Sections 5464, 6105 and 6107—Proceedings in Aid of Execution—Garnishment—Claims Against Estates of Deceased Persons.*

1. The bringing of a suit in aid of execution against an administrator before the expiration of the eighteen months allowed by Section 6105, which suit was dismissed as premature, is not a bar against an adjudication of the same issues between the same parties, subsequent to the expiration of the eighteen months, no further time having been allowed by court for the collection of the assets.

2. The remedial provisions of Section 5464, R. S., are available to every judgment creditor entitled to execution against the property of a debtor, and these provisions apply to an action against the estate of a decedent.

3. The bringing of more than one suit between the same parties in the same court concerning the same subject-matter is not a complete defense to an action in good faith for the settlement of the rights of the parties, notwithstanding liability incurred for costs and damages by the party responsible for vexatious suits.

DAY, J.; NORRIS, J., concurs; PRICE, J., dissents.

The plaintiffs' action is in virtue of the provisions of Section 5464, Rev. Stat., in aid of execution, and for the purpose of reaching certain assets said to be in possession and control of the defendant, George E. Seney, and applicable to the payment of the claim of the plaintiffs.

The petition alleges, that the defendant, Mary B. Smith, was appointed administratrix de bonis non with the will annexed of Fredolin Smith, deceased, on February 6, 1896; that the eighteen months allowed by law for the collection of the assets of the estate have expired, and no further time has been allowed by the probate court for that purpose; that plaintiffs, on June 22, 1896, by the consideration of the Court of Common Pleas of Seneca County,

* This case was affirmed by the Supreme Court without report, 65 O. S., 563.

recovered a judgment against Mary B. Smith as such administratrix, in the sum of $694.20 and costs, which judgment is in full force; that the said administratrix has no personal or real property sufficient to satisfy such judgment subject to levy on execution; that defendants, George E. Seney and Willis Bacon, have money in their possession belonging to the said administratrix.

The prayer is that defendants, Seney and Bacon, be required to answer and disclose the amount of money in their hands belonging to the administratrix, and that they be required to pay the same, or a sufficient amount to satisfy the judgments of plaintiffs, over to the clerk of this court, to be applied in satisfaction of said judgment and costs.

The defendant Smith, administratrix, answers and denies all the allegations of the petition first; and as second and third defenses, pleads a former adjudication of the same matter between the same parties which adjudication is still in full force; and third, that an action between the same parties commenced August 7, 1897, for the same relief and based on the same facts, is pending in the Court of Common Pleas of Seneca County, Ohio, and undetermined.

Defendants, Bacon and Seney, both answer and say the same thing as the administratrix, that the matter has been adjudicated, and the pending of another action concerning the same matter.

All of which is denied by a reply.

The matter has been heard upon the evidence and admissions of fact submitted by both sides. The admissions are that all the averments of the petition are true, and that defendant, George E. Seney, has in his possession money belonging to the administratrix more than sufficient to satisfy the judgment and costs. The evidence shows that on January 7, 1897, the plaintiffs commenced an action against the defendants named herein by filing a petition containing all the averments of the petition in this case, except the statements that eighteen months allowed by law to the administratrix in which to collect and settle the estate had elapsed and that further time was not allowed by the probate court for that purpose.

A demurrer to the petition was sustained by the common pleas court, and plaintiffs, not desiring to amend or further plead, the

petition was dismissed at the costs of the plaintiffs. The circuit court, on error, affirmed the judgment of the common pleas, and remanded the case to the common pleas for execution and for cost. That judgment is still in full force. This judgment and affirmance is claimed as adjudicating the rights of the parties and concluding them in the case now before the court.

That case was not tried on the merits, but was a dismissal of the case solely on the ground that it was prematurely commenced; that the plaintiffs, at that time, had not a right of action against the administratrix, for the reason that the eighteen months allowed by law, and such further time as might be allowed by the probate court, had not elapsed, and there existed the bar of the statute against an action or execution in favor of the plaintiffs until such time as the law provided had elapsed. The judgment, therefore, was in no sense an adjudication of the rights of the parties in the matter, but only of the import and to the effect that plaintiffs were not at that time permitted to proceed against the administratrix. We find that the defense claimed of former adjudication is not sustained.

The evidence also clearly shows that on August 7, 1896, the plaintiffs commenced an action for the same identical cause as the action we have tried and are now considering; that summons was served on defendants, and defendants made answer substantially as in this case; that on November 8, 1897, being the first day of the November Term, 1897, of the court of common pleas of this county, the case was dismissed without prejudice to another action at the costs of plaintiffs.

The action now under consideration was commenced August 17, 1897, only ten days after the action that was dismissed November 8, 1897. For a period of eighty-three days plaintiffs had two actions pending in the same court, for the same thing, and between the same parties. Under the law a party is not permitted to have and enjoy the luxury of more than one lawsuit concerning the same subject, between the same parties, in the same court, and at the same time. All in excess of one suit would be regarded as vexatious and improper, and upon the attention of the court being directed to the fact by answer or demurrer would subject the of-

fending party to discipline, requiring him to dismiss the vexatious suits and be made to pay the costs made in bringing them, and, perhaps, subject him to an action in behalf of the injured party for damages. This, I apprehend, would be the only penalty for commencing too many suits, and the fact would not amount to a complete defense to an action, commenced and pending in good faith for the adjudication and settlement of the rights of parties in a transaction.

The third answer, of another case pending, therefore, would not be a defense to the claim of plaintiffs asserted in their petition, especially in view of the unquestioned fact that when the case was tried both in the common pleas and here, there was not another action pending at all, but had been before that time voluntarily dismissed without prejudice, at the costs of the plaintiff. Plaintiffs had, perhaps, again begun their action prematurely and before the full running of the eighteen months, and again suffered the humiliation of having to dismiss the case and pay the costs, but that fact is no defense to their claim, asserted in this case, which was begun after the expiration of the eighteen months allowed by law to the administratrix. We find the alleged third defense is not sustained.

The first defense, as I have said, was a denial of the allegations of the petition, and, on the hearing, the denial was withdrawn and the truth of the averments of the petition was conceded.

So, the defenses having all failed, the only question remaining is one of law, and is: Are the provisions for proceeding in aid of execution by action of Section 5464, Rev. Stat., available to the plaintiffs as against an administratrix of the estate of a deceased person? Section 6105, Rev. Stat., provides that an execution against an administrator or executor may issue when the eighteen months allowed by law or the further time allowed by the court for the collection of the assets of the estate have expired. This provision gives the plaintiffs a right to have an execution issued against the administratrix, Mrs. Smith, in this case. Section 6107, Rev. Stat., provides: "All executions against executors and administrators for debts due from the deceased, shall, except in the cases otherwise provided for herein, run against the goods and

estate of the deceased in their hands," etc.   The cases otherwise
provided for do not include the case of plaintiffs herein.   So it is
clear that the execution plaintiffs are entitled to, under Section
6105, Rev. Stat., runs against the estate of the deceased in the
hands of the administratrix, Mary B. Smith.

In view of these provisions, and of the requirements to liberally
interpret and construe all remedial provisions of the code, we think
it not a strained or unwarranted construction to hold that the
remedial provisions of Section 5464, Rev. Stat., are available for
every judgment creditor entitled to an execution against property
of the judgment debtor, authorizing a proceeding in aid of execu-
tion by action to subject any equitable estate or money of the
debtor in the hands of an administratrix to the payment of the
judgment.

Section 5464, Rev. Stat., provides: "When a judgment debtor
has not personal or real property subject to levy on execution suffi-
cient to satisfy the judgment, any equitable interest*     *   *   in
real estate   *   *   *   or any interest   *   *   *   in any banking
*   *   *   company, or in any money contract, claim, or chose in
action, due or to become due,   *   *   *   or any money, goods, or
effects,   *   *   *   in the possession of any person   *   *   *
shall be subject to the payment of the judgment, by action."

It does not require liberal or any construction to find that this
money held by George E. Seney is part of the estate of the de-
ceased, Fredolin Smith, and is, in law, in the hands of his ad-
ministratrix, Mary B. Smith.   That is a conceded fact, and under
Section 6107, Rev. Stat., the plaintiffs' execution, with the aid
of Section 5464, Rev. Stat., runs against the estate of the de-
ceased in the hands of his administratrix, Mary B. Smith, and
subjects it to the payment of the judgment of plaintiffs.   Such is
the conclusion of the majority of the court.   In this conclusion
Judge Price does not concur.

We do not think the evidence offered as to the insolvency of
the estate of Fredolin Smith, deceased, and as to the probable per
cent. the estate will pay, under the pleadings of the case, is ad-
missible.   Such evidence would be competent if an issue of that
kind was tendered by the defendants, but we think not otherwise.

The objection to this evidence is sustained, and exceptions may be noted. The finding is for the plaintiffs, and George E. Seney, defendant, is ordered to pay over of the money in his hands belonging to the administratrix a sum sufficient to satisfy the plaintiffs' judgment, interest and cost. Costs are taxed to the administratrix. Judgment accordingly and cause remanded for execution.

*Dore & Dore,* for plaintiffs.

*Willis Bacon* and *George E. Seney,* for defendants.

PRICE, J., dissenting:

I differ from my associates only upon one proposition. I agree with them that the former adjudication is no bar, for the reason the first petition omitted averments, the assignment of which makes the second petition good. As to the pendency of another action at the time the last case was commenced, which appears from the evidence was dismissed before the second case came to trial, the second case has been sustained by two decisions, one in *Harris* v. *Trimble,* C. S. R., 108, 110, and a case, *Porter* v. *Kingsbury,* 77 N. Y., 164.

My only ground of dissent is that Section 5464, Rev. Stat., is intended to confer action in favor of and against living persons —especially living persons; but when a man dies his estate passes into the hands of persons representing him, and all rights must be worked out against the administrator through the provisions of the special procedure provided for the settlement of the estates of deceased persons, and Section 5464, Rev Stat., ought not to apply in this case.