Briggs *v.* Wells.

a contract according to their legal effect. This, therefore, is a binding contract as to the adult, though void as to the infant. And it is extremely proper to say, that the plaintiff may safely overlook the privity of the infant, as to whom the contract is nugatory, and may describe it as a contract made by the adult contractor only."

My own conclusion is, that whatever may be the character of the contract between an infant and the party with whom he contracts—whether it is to be regarded as absolutely void, or merely voidable, it may safely be asserted, that when any other person seeks to take advantage of the existence of such a contract, it is sufficient to show that it was made by a party whom the law pronounces incapable of contracting. Of course, in a case like that now under consideration, the contract in question is not the less the sole contract of the adult defendants because another person has joined in it, who was not permitted by law to make such a contract. The inability to contract being established, he ceases to be a joint contractor. I am of opinion, therefore, that this action is well brought against the adult contractors only, and that the plaintiffs are entitled to judgment upon the demurrer.

[RENSSELAER SPECIAL TERM, February 17, 1851. *Harris*, Justice.]

———— • • ————

## BRIGGS *vs.* WELLS.

A judgment in ejectment is only conclusive as to the title established in such action.

Parol proof may be given to show the grounds upon which a former judgment proceeded, when, from the form of the issue, such grounds do not appear by the record itself; provided the matters alledged to have been passed upon be such as might legitimately have been given in evidence under the issue joined.

Accordingly, where, in an action of ejectment, the defendant, to defeat the action, introduced and read in evidence the record of a judgment in an action of ejectment between the plaintiff and others, plaintiffs, and the present defendant, then defendant, for the same premises, by which it appeared that a verdict was rendered for the defendant, and a judgment

entered thereon; *Held* that the plaintiff might prove by a person present, what title the defendant set up and established on the former trial, and on what questions the suit was litigated and decided; those facts not appearing by the record.

THIS was an action of ejectment, tried before the court without a jury. The plaintiff established a title in fee to three-fourths of the premises, through a deed from Jacob A. Briggs, her father, to the plaintiff and others, his children, &c. dated Feb. 1, 1827. The defendant, to defeat the action, introduced and read in evidence an exemplified copy of the record of a judgment in an action of ejectment between the plaintiff and others, plaintiffs, and the present defendant, then defendant, for the same premises, by which it appeared that the cause was tried at the Yates circuit in June, 1833, and a verdict rendered for the defendant, on which judgment was duly entered. The plaintiff's counsel then offered to prove by a witness who was present, that upon the former trial the defendant claimed to hold under Jacob A. Briggs, the father of the plaintiff in that suit, and that the circuit judge ruled that if the defendant held under Jacob A. Briggs, the father, he was entitled to the possession during the minority of such plaintiffs, who claimed the premises by a conveyance from their said father, and that the only question on that trial was whether the defendant was entitled to the possession of the premises during the minority of the plaintiffs. The defendant's counsel objected to this evidence, on the ground that it contradicted the record, and that it was not competent to prove by a person present, what took place on a former trial, or what question was litigated. The objection was overruled, and the evidence received, which established the facts assumed by the offer. Judgment was ordered for the plaintiff.

*D. B. Prosser*, for the plaintiff.

*S. H. Wells*, for the defendant.

JOHNSON, J. The plaintiff is clearly entitled to recover in this action according to the allegations in her declaration, unless

she is concluded by the record of a former recovery and judgment in favor of the defendant, for these same premises, in a former action, in which the plaintiff was one of the parties plaintiffs, and the defendant, sole defendant. The record is introduced by the defendant, and he insists that it is conclusive as to his right against the plaintiff. A judgment in ejectment is only conclusive as to the title established in such action. (2 *R. S.* 235, § 36. *Ryerss* v. *Rippey*, 25 *Wend.* 432.) The record does not show what right or title was established by that trial and judgment, in the defendant. Nor could it do so, consistently with the forms of pleading in actions of this character. The plaintiff proves by parol that on such former trial the defendant established a right of possession during the minority of the only plaintiffs in that action, this plaintiff being one; and nothing more. It is also shown that such grantor is now deceased and the grantees of full age. The defendant's counsel objects to the parol evidence, as tending to vary or contradict the record. But it does neither. It merely shows what title the defendant set up and established in that action; which the record does not show. As to that right the judgment is conclusive, but no farther. This does not contradict the record, or vary it in any degree. The record is just as consistent with the right shown by the parol proof to have been established, as with that assumed to have been established by the defendant. It would be singular, indeed, if a landlord prosecuting his tenant, and failing to recover because the tenant's lease had not expired before the commencement of the suit, should be barred by such judgment from a recovery of his land after the term expired.

Parol proof may be given to show the grounds upon which a judgment proceeded, when such grounds, from the form of the issue, do not appear by the record itself; provided the matters alledged to have been passed upon be such as might legitimately have been given in evidence under the issue joined. (*Wood* v. *Jackson*, 8 *Wend.* 9.)

This does not conflict with the rule laid down in *Green* v. *Clark*, (5 *Denio*, 497.) The proof in that case contradicted the

record, and tended·to show that the judgment was not rendered upon the issue tried, as appeared upon the face of the record. Not so here. The parol proof is consistent with the record, and merely proves what was tried.

I apprehend in such a case as this the mere record of the former recovery, establishes nothing in favor of the defendant, without parol proof, on his part, showing what title was established in that action. Without such parol proof, there is nothing to show that the title set up either by the plaintiff or the defendant, is the same in both suits. For aught that would appear, both parties may now be claiming under entirely different titles. The plaintiff is entitled to judgment.(*a*)

Judgment for the plaintiff.

[YATES SPECIAL TERM, October 21, 1851. *Johnson*, Justice.]

(*a*) The decision in this case was affirmed on appeal to the general term in the seventh judicial district, June term, 1852.