Mr. Justice SWAYNE
 

 delivered the opinion of the court.
 

 The question of error in the instructions given by the court is the hinge of the controversy between the parties. The statute of Illinois regulating the action of ejectment abolishes all fictions. The twenty-ninth section provides that “every judgment in the action of ejectment rendered upon a verdict shall be conclusive as to the title established in such action, upon the party against whom the same is rendered, and against all persons claiming from, through, or under such party, by title accruing after the cómmence
 
 *403
 
 ment of such action, subject to the exceptions hereinafter named.5’
 

 It is not claimed that the exceptions referred to affect this case.
 

 Where a judgment is rendered for the plaintiff, the title upon which he recovered is thereby established, and the construction and effect of the statute are obvious. He must recover in all cases, if at all, upon the strength of his own title, and not upon the weakness of his adversary’s. It is not incumbent upon the defendant to show any title. Where a plaintiff shows no title, and is therefore defeated, it is not easy to perceive how any title can be said to have been established in the action, or how, under the statute, the result can affect his right to bring a new action for the same premises. We are not advised of any authoritative interpretation of the statute, in this aspect, by the courts of Illinois. If one were shown we should follow it. But, in the view which we take of this case, it may be conceded that the judgment has the same effect upon the parties, and those in privity with them, as a judgment in a common-law action. As a general proposition, such a judgment is a bar to any future litigation between the parties, and all claiming under them, touching the subject involved, in the controversy. It is conclusive of their rights, and shuts the door to further inquiry. This is an elementary principle of all civilized jurisprudence. It has been, and will be, applied in this court upon all proper occasions. It is a principle of repose, and fruitful of good. When the legislature of any State has seen fit to divest the action of ejectment of its ancient characteristics, and to place it upon'the same footing with other actions, we have not failed to give full effect to the legislative intent by maintaining the conclusiveness of the judgment, as in other cases.
 

 But, in our judgment,' this principle has no application to the case before us.
 

 The suit between Barrows and Gordon was commenced on the 12th of June, 1858, and terminated on the 5th of June, 1859.
 

 
 *404
 
 The deed from the executors of Vose to Barrows bears date on the 18th of March, 1861., Upon the trial of the case of
 
 Barrows
 
 v.
 
 Gordon
 
 the power of attorney from the executors and the deed executed by Kingsley were properly ruled out as void. 'They were not in the case. Barrows had no title to the premises in controversy, and judgment was given against him. This may be admitted to be conclusive as to his want of title at that time, and, whether the decision of the court as to the power of attorney and the deed made under it was erroneous or not, it would have been a bar to another action attempted to be maintained upon the same state of facts. But this did not deprive Barrows of the right to acquire a new and distinct title; and, having done so, he had the same right to assert it, without prejudice from the former suit, which would have accompanied the title into the hands of a stranger. At the termination of that suit the executors had not passed the title to any one. They did not transfer it for more than a year afterwards.
 

 How, then, can it be said to have been involved in or in anywise affected by the prior litigation ? The plaintiff could no more be barred than any other person who might have subsequently acquired the title. In refusing to instruct, and in instructing, as appears by the recoz’d, the court committed an error.
 

 The judgment is therefore reversed, with costs, and the cause will be remanded to the court below, with directions to pi’oceed
 

 In CONFORMITY WITH THIS OPINION.