JAMES J. W. DAWLEY, Appellant, v. JOHN P. BROWN, Respondent.

To avoid a deed for champerty under the statute (1 R. S., 739, § 147), actual, not constructive, adverse possession in another is required.

It must also appear that at the time of the delivery of the deed the lands were in the actual possession of a person claiming "under a title adverse to the grantor." It is not enough that he claims title; he must claim under some specific title, which must be disclosed, so that the court may see that it is adverse to that of the grantor in the deed assailed.

The requirement that to sustain a plea of a former action pending it must appear to the court that the first action was for the same cause as the second, is to be strictly enforced; it is not enough that the property in controversy in both actions is the same.

The rule is the same in actions of ejectment.

A judgment in ejectment is only conclusive, under the statute (2 R. S., 235, § 36), as to the title litigated and established in the action; it is not the recovery which constitutes an estoppel in a subsequent action, but the decision of the question which was in contestation between the parties.

So, also, in case of a plea of a former suit pending in an action of ejectment, the point is whether the same title is sought to be litigated in both actions; if not, the former action is not a bar.

In an action of ejectment plaintiff claimed under a devise from his father, a deed from himself to C., in March, 1857, and a reconveyance from C. in July 16, 1869. It appeared that a former action was commenced by plaintiff, after his deed to C. and before the reconveyance, against

defendant, one F., and others. What the original complaint was did not appear. The default of defendant and F. was entered therein July 6, 1869, and by an *ex parte* order the summons and complaint were amended by striking out the names of all the defendants therein except the defendant here and F., and by making the complaint one in ejectment, for lands including the premises claimed in this action, and judgment was thereupon entered against defendant and F. for the recovery of the said lands. A writ of possession was issued, and on the same day plaintiff went with the sheriff upon the lands, to be put in possession, when defendant and two other persons in possession of part of the lands, attorned in writing to plaintiff, and the sheriff made return that he had delivered full possession to plaintiff, which return was filed July fourteenth. On July twenty-six'h, an order was made vacating and setting aside said judgment, and reinstating defendant and F. in posession, *Held,* that the deed from C. to plaintiff was not void under the statute aforesaid : 1st. As prior to its date plaintiff had been put in posession and defendant had attorned to him, which attornment was then in force ; the subsequent vacation of the judgment did not relate back so as to make the deed void on the ground that defendant was then holding adversely. 2d, Because it did not appear that defendant claimed under any specific title adverse to that of C.

Defendant set up the pendency of the former action as a bar. *Held,* untenable, as at the time of bringing the former action the title was in C., and the subsequently acquired title of plaintiff from C. could not avail him in that action, it was, therefore, necessary to bring a new action to recover upon that title ; that although if the plaintiff had evidence which would susta'n the first action, the same evidence might entitle him to recover in the second, the evidence upon which he relied in the second would not sustain the first.

*Dawley* v. *Brown* (9 Hun, 461), reversed.

(Argued November 26, 1879; decided January 13, 1880.)

APPEAL from judgment of the General Term of the Supreme Court, in the fourth judicial department, affirming a judgment in favor of defendant, entered upon an order nonsuiting plaintiff on trial. (Reported below, 9 Hun, 461.)

This was an action of ejectment to recover possession of certain premises situate in Monroe county. Defendant set up as a defense a former suit pending.

The facts are sufficiently stated in the opinion.

*John Van Voorhis,* for appellant. The present action is not abated by the pendency of the former action. (Code, § 144, sub. 3; *Meyer* v. *McCollum,* 28 Barb., 230; *Barrows*

v. *Kildred*, 4 Wall., 399; *Briggs* v. *Wells*, 12 Barb., 567; *Ryers* v. *Reppy*, 25 Wend., 432; Code, § 135, sub. 1.) The test of the identity of two causes of action is the evidence to sustain them. If the causes of action are identical the same evidence will sustain both. (*Stowell* v. *Chamberlain*, 60 N. Y., 272; *Rice* v. *Knif*, 7 J. R., 20; *Johnson* v. *Smith*, 8 id., 383; *Miller* v. *Manice*, 6 Hill, 114; *Gregory* v. *Burrall*, 2 Ed. Chy., 416; *Martin* v. *Kennedy*, 2 Bos. & Pul., 71; S. C., affid., 38 N. Y., 83; *Kitchen* v. *Campbell*, 37 or 13 Wils., 304; *Clegg* v. *Dearborn*, 12 Q. B., 576; *Crocker* v. *Routon*, Dudley, 254; *Hunter* v. *Stewart*, 31 L. I. Chy., 346; *Taylor* v. *Castle*, 42 Cal., 371; *Cameron* v. *Braine*, 45 Ala., 262; *Perry* v. *Foote*, 36 Conn., 102; Freeman on Judgments, § 259; *Ward* v. *Kelsey*, 16 Abb., 98; affid., 38 N. Y., 83; *Ritter* v. *Worth*, 1 N. Y. S. C. Rep., 410; *Cameron* v. *Braine*, 45 Ala., 262; *Barrows* v. *Kildred*, 4 Wall., 399; *Auburn City Bank* v. *Leonard*, 20 How., 193, 196; *Smith* v. *Britton*, 2 T. & C., 489; *Dean* v. *Eldridge*, 29 How., 218; *Lean* v. *Salter*, 4 Rob., 239; *Taffts* v. *Braisted*, 1 Abb., 83; *Clark* v. *Story*, 29 Barb., 295; *Jay* v. *Martin*, 2 Duer, 654; *Thurston* v. *King*, 1 Abb., 126; *Cameron* v. *Young*, 6 How., 372; *Wheeler* v. *Dakin*, 12 id., 537.) A plea of a former action pending as a bar cannot be used as a plea in abatement. (*Compton* v. *Green*, 9 How., 228; *Beels* v. *Cameron*, 3 How. Pr. R., 414; *Averill* v. *Patterson*, 10 N. Y., 500; *Fry* v. *Bennett*, 5 Sand., 54; *Mathews* v. *Beach*, 5 id., 264; *Ayers* v. *Covill*, 10 Barb., 260; *Hager* v. *Tibbets*, 2 Abb. [U. S.], 97.) Matter in abatement may now be joined in the same answer with a defense in bar, but the court must find separately upon such defenses. (*Gardiner* v. *Clark*, 21 N. Y., 399.) The statute as to champerty is only available to a 'person "in the actual possession" and claiming under a "title." (1 R. S. [Edm. ed.], 690, § 147.) The sheriff's return is conclusive evidence of the facts stated in it. (*Crocker* on Sheriffs, § 44; *Putnam* v. *Man*, 3 Wend., 202; *Allen* v. *Martin*, 10 id., 300; *Boomer* v. *Lane*, 10 id., 525; *Cal. Ins. Co.* v. *Force*, 8 How., 353; *Townsend* v. *Olin*, 5 Wend.,

209; Watson on Sheriffs, 72; Allen on Sheriffs, 57; Bowen & Hill's Notes, 1085; *Hyskell* v. *Givie*, 7 Serg. & Rawle, 371; *Button* v. *Tracy*, 4 Conn., 79.) One who has entered by force may defend his possession by showing title. (*Hyatt* v. *Wood*, 4 J. R., 150; *Ives* v. *Ives*, 13 id., 235.) As a foundation for champerty a party must be in possession under a title, a void deed is no title. (*Crary* v. *Goodman*, 22 N. Y., 170; *Livingston* v. *Peru Iron Co.*, 9 Wend., 512, 524; *Vanderwint* v. *Gould*, 36 N. Y., 643; *Fish* v. *Fish*, 39 Barb., 513; *Crary* v. *Goodman*, 22 N. Y., 170; *Tyler* v. *Heldon*, 46 Barb., 439–465; *Webb* v. *Bendon*, 21 Wend., 99; *Preston* v. *Hunt*, 7 id., 53; *McKyring* v. *Bull*, 16 N. Y., 297; *Codd* v. *Rathbone*, 19 id., 37; *Pepper* v. *Haight*, 20 Barb., 429.)

*W. H. Adams*, for respondent. Plaintiff was properly nonsuited on the ground of a former action pending. (65 Barb., 107; 9 Hun, 461; *Livingston* v. *Kane*, 3 Johns. Chy., 224; *Sawyer* v. *Wood*, 3 id., 416; *Groshan* v. *Lyon*, 16 Barb., 461; *Ogden* v. *Bodle*, 2 Duer, 611; *Butler* v. *Wehle*, 6 N. Y. Sup. Ct. Rep., 241; *Morris* v. *Rexford*, 18 N. Y., 552.)

RAPALLO, J. The title proved by the plaintiff on the trial of this action, was a devise from his father to the plaintiff and his brother, a quit-claim from the brother to plaintiff, a deed from plaintiff to one Culver in March, 1857, and a reconveyance from Culver to the plaintiff, dated and acknowledged on the 17th of July, 1869. This action was commenced in April, 1870.

It appeared upon the trial that before the commencement of this action, and after the conveyance from plaintiff to Culver, but before the reconveyance, the plaintiff had brought another action, against the defendant and George D. Fox and various other persons. For what cause that action was originally brought does not appear, the original complaint not being contained in the printed case on this appeal. It appears, however, from the judgment-roll in that action, which was

put in evidence, that the plaintiff, on the 6th of July, 1869, entered the default of the defendants Brown and Fox for not appearing or answering, and obtained an *ex parte* order amending the summons and complaint by striking out the names of all the defendants except Fox, and Brown the defendant in this action, and by inserting a claim for the possession of the premises described in the complaint, without mesne profits. And by the same order it was directed that the plaintiff have judgment for the possession of the premises described in the original complaint, and adjudging that he was the owner of the same in fee simple, absolute, and with costs.

The amended complaint as contained in the judgment-roll is a simple complaint in ejectment for eighty-two acres of land. It seems to have been assumed on the trial of the present action, though the fact does not appear in any manner, that the premises claimed herein, which consist of forty-eight acres, were part of the eighty-two acres, claimed in the first action.

Pursuant to the order before mentioned judgment by default was on the 6th day of July, 1869, entered by the plaintiff against Brown and Fox for the recovery of possession of the eighty-two acres and a writ of possession was issued thereon on the same day, and on the 8th of July, 1869, the sheriff made return that he had on the 7th of July, 1869, delivered to the plaintiff full and complete possession of the real property in the writ described, which return was filed on the 14th of July, 1869.

It further appeared in evidence that on the 7th of July, 1869, the plaintiff went on the land with the sheriff, to be put in possession, and that the defendant Brown and two other persons occupying parts of the premises attorned in writing to the plaintiff.

Afterwards, on the 26th of July, 1869, an order was made vacating and setting aside the before-mentioned judgment for irregularity, and reinstating Brown and Fox in the possession of the premises. What the irregularity was, for which the judgment was vacated, is not stated in the case,

but it may be assumed to be that the judgment had been entered in disregard of the provision that upon a default the plaintiff cannot enter judgment for any further or other relief than demanded in the complaint.

This order did not however set aside the amended complaint, nor the order allowing the amendment. It consequently left the action pending as an action by the plaintiff against Fox and Brown for the recovery of the eighty-two acres described in the amended complaint.

The defendant set up the pendency of that action as a defense to the present one. He also claimed that the deed from Culver to the plaintiff, was void for champerty, on the ground that at the time it was executed the land was held adversely by the defendant.

At the trial a nonsuit was granted solely on the ground first stated. This nonsuit was sustained by the majority of the court at the General Term on the ground that the deed from Culver was void for champerty and therefore the plaintiff could only rely on the title claimed by him in the former suit, and consequently the cause of action was the same, and also that the plaintiff had shown title out of himself by introducing the deed to Culver in evidence, and the reconveyance by Culver, being void for champerty, did not reinvest the plaintiff with the title.

We cannot concur in the view that the deed from Culver to the plaintiff was shown to be void under the statute. In the first place, at the time of its date, July seventeenth, the plaintiff had been put in possession, and the defendant had attorned to him. The judgment under which he had thus gained possession was afterwards vacated for irregularity, but there was no proof or allegation of any fraud. While thus in possession, and after the defendant had attorned to him, he obtained his deed from Culver. The subsequent vacatur of the judgment did not, we think, relate back so as to avoid this deed, on the ground that Brown was at the time holding adversely. His attornment was then in force, and the order which he subsequently obtained to re-in-

state him in possession concedes that he was out of possession. An actual and not a constructive adverse possession is required by the statute to avoid a deed. But there is a further and conclusive answer to the defendant's claim in this respect, so far as the facts appear in the present case. To render a deed void under the statute, it must appear that at the time of the delivery thereof the lands were in the actual possession of a person claiming " under a title adverse to that of the grantor." It must therefore be shown under what title the person in possession claims. It is not enough that he claims title. He must claim under some specific title. What the title is must be disclosed, that the court may see that it is adverse to that of the grantor in the deed assailed. (*Crary* v. *Goodman*, 22 N. Y., 170.) Now there is nothing in this case to show that Brown claimed any title adverse to that of Culver, the grantor of the plaintiff. The only evidence on the subject is the testimony of the plaintiff, who states that he was in possession until about 1860 ; that one Sage then took possession, and that after him Brown came into possession. It does not appear that Brown had any color of title, or that he claimed any specific title, and indeed I do not find proof of any claim of title whatever on the part of Brown. For all that appears he had a mere naked possession, and the presumption would be that he held under Culver, who was apparently the owner of the legal title. The evidence discloses no ground for assailing the deed from Culver to the plaintiff on the ground of champerty.

As the case stood when the nonsuit was granted, the plaintiff had no title to the premises in dispute at the time of bringing the first action, the title being then in Culver, but he had afterwards obtained title from Culver. This subsequently acquired title would not have availed him in the first action, for the issue there was whether he was entitled to the land at the time the action was commenced. He must necessarily bring a new action, in order to recover upon the title obtained from Culver. Aside from some technical

points raised by the appellant, as to which we concur in the opinion at General Term, the only important question in the case is whether the pendency of the first action is, under the circumstances, a defense to the second, and this question is not free from difficulty.

It is very clear that a judgment in favor of the defendant in the first action would not have been a bar to the second. (*Barrows* v. *Kindred*, 4 Wall., 399.) But if the first had resulted in a judgment for the plaintiff on the ground of some title different from that set up in the second, the defendant should not have been subjected to the expense and vexation of litigating two actions, by the same party against him, for the recovery of the same land. Still the rule of law is that the pendency of a former action does not abate a second, unless both actions be for the same cause (Code, § 144; New Code, §§ 488, 498), and the difficulty lies in determining whether the defense here interposed meets that requirement. The test generally applied to determine the identity of causes of action is whether the same evidence would support both actions. (*Stowell* v. *Chamberlain*, 60 N. Y., 272, and cases cited.) It is also held in that case, that to make a judgment in a former action a bar, the circumstances must be such that the plaintiff might have recovered in the first action for the same cause alleged in the second.

If the controlling test is whether the same evidence will support both actions the defense must fail, for it is apparent that although, if the plaintiff had evidence which would sustain the first action, the same evidence might entitle him to recover in the second, yet the evidence upon which he relied in the second action would not have sustained the first. It appears affirmatively in the present action that the title was out of the plaintiff when the former action was brought. In *Barrows* v. *Kindred* (4 Wall., 399), where a former judgment against the plaintiff in an action of ejectment was set up as a bar to a second action by the same plaintiff to recover the same property, (the statute of Illinois being similar to that of this State as to the conclusiveness of

a judgment in ejectment on the question of title) the court conceded that the former judgment was conclusive as to the want of title of the plaintiff at the time of the first action, and was a bar to a second action attempted to be maintained on the same state of facts ; but that that did not deprive the plaintiff of the right to acquire a new and distinct title, and having done so he had the same right to assert it without prejudice from the former suit, which would have accompanied the title in the hands of a stranger, and that such subsequently acquired title was not involved in or in any way affected by the prior litigation. Under the statute of this State a judgment in ejectment is conclusive only as to the title established in the action. (2 R. S., 235, § 36; *Ryerss* v. *Rippey*, 25 Wend., 432.) And it may be shown by parol on what title it was rendered. (*Briggs* v. *Wells*, 12 Barb., 567.) And a subsequently acquired title may be thus shown as against a former adjudication. (*Burt* v. *Sternburgh*, 4 Cow., 559.) The title referred to in the statute, as to which the judgment is conclusive, is that which was actually litigated and adjudicated. (Tyler on Ejectment, 632.) It is not the former recovery which constitutes the estoppel. It is the decision of the question which was in contestation between the parties, and the estoppel rests, in ejectment as well as in other cases, upon the familiar principle that when the same point has been litigated between the same parties, and decided by a court of competent jurisdiction, it cannot be again called in question. (*Bank* v. *Bridges*, 11 Rich. [S. C.], 87.) The same principles apply to defenses as to the plaintiff's title, and a former judgment does not deprive the defendant of the right to set up a subsequently acquired title as a defense. (*Mann* v. *Rogers*, 35 Cal., 316.)

To sustain a plea of a former action pending, it is conceded that it must appear to the court that the first action is for the same cause as the second. This requirement is strictly enforced. It is not enough that the property in controversy in both actions is the same. (*Stowell* v. *Chamberlain*, 60 N.Y., 272.) In *Kelsey* v. *Ward* (16 Abb. Pr., 98, 103, affirmed

38 N. Y., 83), it was held at General Term, by a very able bench, Brown, Lott and Scrughan, that the pendency of actions for rent, alleged to be payable quarterly, was no defense to an action for the same rent under a claim that it was payable at the end of the year.

As has already been shown in the present case, the allegation that the cause of action was the same in both actions will not stand either of the tests ordinarily applied. A judgment for the defendant in the first would not bar the second. The evidence to sustain the second would not sustain the first, and the title in issue in the second must be different from that sought to be established in the first, because in the second action the plaintiff's chain of title shows title out of himself at the time the first was brought. There is no English authority precisely in point, for a very good reason, viz. : that as the action of ejectment at common law determined no question of title, but was only possessory, a former judgment or action could not be pleaded. But much light is thrown upon the point by reference to the practice of the courts of England in cases like the present. It was held at a very early day (1738) by the Court of King's Bench, in *Thrustout* v. *Troublesome* (Andrews Rep., 297), that where, during the pendency of an action of ejectment, the plaintiff brought a second action for the same lands *on the same title,* the court would stay the proceedings in the second action till the first was discontinued and the costs paid. This decision has been followed in later cases, and where judgment has been rendered for the defendant in the first action, the second will be stayed until the costs of the first are paid, provided it appears that the second action turns upon the same question of title which was determined in the first (as the validity of the same will), though the second action affect different property. But whether the case be one of a former judgment, or former action pending, the material point is whether the *same title* is sought to be litigated in both actions. (*Doe* v. *Bather*, 12 Adol. & Ell. [N. S.], [12 Q. B.], 941; *Haigh* v. *Paris*, 16 M. & W., 145.) Unless the same

title is involved in both actions the relief will be refused. In *Doe* v. *Gustard* (5 Scott N. R., 818), in an action of ejectment for forfeiture for non-payment of rent, an application for a stay was made on the ground that another action previously brought in respect of a former forfeiture of the same property under the same lease was pending. The application was denied on the ground that both actions were not founded on the same title (as in the case in Andrews Reports), and that the rule on which the motion was founded applied only when the two actions were for the same identical cause.

We think the plea of former action pending should be governed by the same principles as those upon which these motions for a stay were decided. An application of those principles leads to a reversal of the judgments below.

The judgments of the General Term and on the nonsuit should be reversed and a new trial granted, costs to abide the event.

All concur.

Judgments reversed.