### HUNT v. O'NEILL.

1. In ejectment, if the declaration be filed in season, and a copy be served, the defendant must plead within thirty days after service, if the copy have endorsed upon it the notice required by section 105 of the Practice act. *Rev., p.* 327.

2. The notice required to be endorsed on the copy of the declaration served under section 105 of the Practice act, need not contain the file-mark of the declaration, nor state the date of the service.

3. A plaintiff in ejectment, having a defeasible title, is entitled to a general judgment, if his title has not expired or been determined at the time of the trial. Section 43 of the Ejectment act, which authorizes a special judgment, applies only to cases in which the plaintiff's title has, in fact, expired pending the suit. *Rev., p.* 332.

4. Section 44 of the Ejectment act, which gives conclusive effect to a judgment in ejectment, relates only to the right of possession and the title as they existed at the termination of the suit. A judgment in ejectment will not conclude the defeated party as to a title or right of possession subsequently accruing.

5. A plaintiff in ejectment is entitled to have his costs awarded to him in the ejectment suit, on a judgment by default, only where it appears by the affidavit of service of the summons, that the defendant was, at the time of the service, in actual possession of the premises claimed, or some part thereof. If it does not so appear, the plaintiff must recover his costs in the ejectment suit in an action for mesne profits.

---

In ejectment. On motion to set aside judgment by default.

Argued at June Term, 1882, before Justices DEPUE, VAN SYCKEL and REED.

Hunt v. O'Neill.

For the motion, *S. E. Ransom.*

*Contra, C. H. Voorhis.*

The opinion of the court was delivered by

DEPUE, J.    This application was made upon several grounds—

*First.* The judgment was entered in pursuance of section 105 of the Practice act, (*Rev., p.* 865,) in default of a plea within thirty days after service of a copy of the plaintiff's declaration.   By section 9 of the Ejectment act, it is enacted that, in the action of ejectment, the pleadings shall be filed within the time limited for filing the same in personal actions, and that the practice and proceedings shall, in all respects, be in conformity with the practice in personal actions, so far as the same may be applicable, unless otherwise specially provided.  *Rev., p.* 327.   Section 105 of the Practice act applies to actions of ejectment; and if a copy of the plaintiff's declaration be served, the defendant must plead within thirty days after such service.   The affidavit on file shows that a copy of the plaintiff's declaration was served on the 18th of March, and judgment was not entered until thirty days after service. It is contended that the service was irregular, for the reason that the copy served contained no file-mark and did not have endorsed on it the date of service.   It is sufficient to say that the Practice act requires the copy served to have an endorsement on it of a notice that, unless the defendant shall appear and file a plea or demurrer, within thirty days after the date of service, judgment will be entered against him, but does not require that the date of the filing of the declaration or of the service of the copy should appear in the notice.   The endorsement on the copy served complied with the statute.

*Second.* The plaintiff's title is a defeasible title—subject to be defeated by redemption.  A general judgment was entered in his favor.   The defendant insists that a special judgment should have been entered.   By the statute, provision is made for a special judgment only where the plaintiff's title has

expired pending the suit.  *Rev., p.* 332, § 43.  The ground upon which the contention for a special judgment was made by the defendant, was that this judgment would conclude him as to the title in case he should redeem in the future. The section of the act (*Rev., p.* 332, § 44,) which makes a judgment in ejectment conclusive, relates only to the right of possession and the title to the premises as they existed at the termination of the suit.  A judgment in ejectment will not conclude the defeated party as to a title or right of possession subsequently accruing.  If the defendant shall exercise his power of redemption, he will thereby acquire a new title, and may recover in ejectment, in virtue of that new title, without regard to the judgment in the present suit.  *Hoboken Land and Improvement Co.* v. *Mayor of Hoboken,* 7 *Vroom* 540; *Burt* v. *Sternburgh,* 4 *Cow.* 559; *Barrows* v. *Kindred,* 4 *Wall.* 399; *Merryman* v. *Bourne,* 9 *Id.* 592; *Sedg. & Wait on Trial of Titles,* § 541.

*Third.* The judgment is entered with costs.  A plaintiff is entitled to have his costs awarded to him in an ejectment suit on a judgment by default, where it appears, by the affidavit of service of the summons, that the defendant was in actual possession of the premises claimed, or some part thereof, at the time of such service.  If it does not so appear, the plaintiff must recover his costs in the ejectment suit in an action for mesne profits,   *Rev., p.* 333, § 50; *Stewart* v. *C. & A. R. R. Co.,* 4 *Vroom* 115, 117.  The affidavit, in this respect, is defective.

The judgment as to costs is irregular, and to that extent should be set aside, with costs.