BARTHOLOMAY BREWING COMPANY, Appellant, *v.* AUSTIN HALEY, Respondent.

*Action for damages for a breach of warranty and of an agreement to pay for the injury sustained from the use of impure beer — it is a bar to an action for the price thereof.*

An action, the complaint in which sets forth two separate causes of action, one to recover damages to the vendee arising from a breach of warranty on the sale of lager beer, and the other to recover damages which the vendee has sustained in his business on account of the sale and delivery of impure and worthless beer, which damages, as he alleges, the vendor had agreed to pay, is a bar to a subsequent action by the vendor to recover a balance of the purchase price of the lager beer in question.

APPEAL by the plaintiff, the Bartholomay Brewing Company, from a judgment of the Supreme Court in favor of the defendant, entered in the office of the clerk of the county of Monroe on the 25th day of November, 1896, upon the decision of the court rendered after a trial at the Monroe Trial Term before the court without a jury, dismissing the complaint "on the ground that at the time of the commencement of this action there was pending another action in the Supreme Court of this State, brought by the defendant against the plaintiff, in which the same issues are involved, as are involved in this action."

*George F. Yoeman*, for the appellant.

*William H. Sullivan*, for the respondent.

HARDIN, P. J.:

In this action it is alleged in the complaint "that heretofore on or about the 24th day of April, 1895, and at divers times between that date and the 24th day of March, 1896, at the said city of Rochester, N. Y., and upon a term of credit of 30 days (at the expiration of which said term of credit it was understood and agreed that interest should begin to accrue) and at the special instance and request of the defendant, the plaintiff sold and delivered to the defendant certain goods, wares and merchandise consisting of beer, invoices of which have been duly rendered to the

defendant by the plaintiff to the amount and value of $3,243.76, which said amount the defendant then and there agreed to pay and upon the terms above set forth. Plaintiff further states that no part of said amount has ever been paid, except the sum of $2,355.18, which has been paid or credited thereon, and there now remains due and owing to the plaintiff the sum of $888.58, together with interest from and after the first of January, 1896."

In answer to the complaint containing the language we have quoted, the defendant, among other things, averred as follows: "For a further defense, this defendant alleges that at the time of the commencement of this action there was an action in the Supreme Court pending and undetermined between the parties hereto and the same parties, which defendant brought against the plaintiff for damages for a breach of contract and breach of warranty in the contract for the sale of the beer for the purchase price of which this action is brought, and that plaintiff's alleged cause of action herein should have been alleged as a counterclaim in the prior action brought by the defendant against the plaintiff, and precisely the same issues and questions are involved in that action as are involved in this, and the same is pending and undetermined, and defendant pleads the pendency of such action as a bar to the maintenance of this."

Under that branch of the answer evidence was given on the trial which tended to sustain the allegations thereof after the plaintiff had introduced "evidence sustaining the allegations of the complaint."

The former action was commenced on the 9th of June, 1896, and it was admitted in the course of the trial that the plaintiff in that action is the defendant in this action, and that the defendant in that action is the plaintiff here.

This action was begun on June 26, 1896, and the summons, complaint and answer in the former action were received in evidence in this action. The complaint in the former action, among other things, contained an averment in the following language: "That on or about the 24th day of April, 1895, plaintiff and defendant entered into an agreement and contract at Norwich, Chenango county, New York, whereby the defendant was to furnish, sell and deliver to the plaintiff at Norwich, Chenango county, New

York, quantities of lager beer, to be furnished and delivered at divers times, which beer was to be absolutely pure, fresh, merchantable, and thoroughly and properly made and brewed, and fit, suitable and proper for first-class beverage, and the said defendant warranted and agreed that the said beer should be of such kind and quality that it would be superior in quality to any beer sold or used in Norwich, Chenango county, New York.    That at various times between April 24th, 1895, and March 24th, 1896, the defendant delivered to the plaintiff at Norwich, Chenango county, New York, certain lager beer, purporting to be in fulfillment of and pursuant to the said agreement, for which the plaintiff paid to the defendant the sum of $2,355.18.   *   *   *   That the said beer so delivered by defendant to plaintiff was unmerchantable, impure, of inferior quality to the other beer sold in Norwich, improperly made and brewed, contained impure and unwholesome substances which rendered said beer absolutely worthless and unfit for use as a beverage."

It is also alleged that the purchaser paid $500 for freight and $2,355.18 " in addition to the said freight charges, making a total sum of $2,855.18."

It is further alleged that the value of said beer so furnished by the defendant to plaintiff was not to exceed the sum of $500 and no more; " and when the said plaintiff objected to some of the said beer and refused to receive it, defendant told plaintiff to use the same and do the best he could with it, and defendant promised and agreed to pay and allow to plaintiff damages thereon and damages to plaintiff's business, and to make good all losses to plaintiff and plaintiff's business caused by the poor quality of said beer, and to make proper allowances and deductions from the agreed price of said beer; that, relying on such promises and agreement, plaintiff used some of the said beer and undertook to use the remainder thereof, and he retained same under said promises and agreement and contract of the defendant."

It is averred that the beer received " was substantially worthless, and plaintiff could not and cannot use same; that much of said beer proved unsalable as first class, and plaintiff was and will be compelled to sell the same at a large loss and discount; that, by reason of such failure on the part of defendant to perform its said contract, plaintiff could not fill his orders properly, and he thereby

lost a large number of his customers and sustained a great loss to his business and himself; that he lost the profits he would have made, amounting to at least $1,000, and that he lost the balance of said beer and trade and business to the amount of $2,000. That the plaintiff sustained and suffered damages in the sum of $3,000 by reason of the said beer being worthless, impure, poor, unmerchantable, sour, improperly brewed and made, and being of an inferior quality, and by reason of the defendant's failing to perform its said contract and agreement according to the provisions of same; that defendant has refused to make such loss good or keep or perform its said contract."

The complaint in this action evidently relates to the same agreement, the same subject-matter, set out in the complaint in the first action.

In *Lewis* v. *Maloney* (12 Hun, 207) it was said, viz.: "Where there are two proceedings pending between the same parties for the same object, the proceedings first commenced are a bar to those commenced afterwards. The principle governing such cases is that if full relief can be had in the one proceeding or action, no other shall be allowed." (Citing *Rogers* v. *King*, 8 Paige, 210; *Groshon* v. *Lyon*, 16 Barb. 461. See, also, *Reich* v. *Cochran*, 151 N. Y. 127.)

In *Porter* v. *Kingsbury* (77 N. Y. 167) it was said: "The plea of a former suit pending between the parties for the same thing was allowed to prevent vexatious and oppressive suits, and if sustained, the second writ abated and judgment passed for the defendant." It was further said in the course of the opinion in that case "that it must appear of record that the two actions are for the same cause, and that the first writ was pending 'when the second writ was purchased.'"

In *Auburn City Bank* v. *Leonard* (20 How. Pr. 197) it was said: "A matter which is necessarily involved in the former suit, and which may be litigated therein, cannot be the subject of a second action. * * * Parties must assert their rights, whether legal or equitable, at the first opportunity."

According to the evidence the defendant here had joined issue in the former action upon the same agreement that is alleged in the complaint in this action.

The foregoing views, as well as those expressed in the opinion of the trial judge,* lead to an affirmance.

All concurred.

Judgment affirmed, with costs.

---

\* DAVY, J.:

This action is brought to recover the balance of the purchase price of a quantity of lager beer sold and delivered by the plaintiff to the defendant at various times during the years 1895 and 1896.

· The only defense relied upon by the defendant is that at the time of the commencement of this action there was pending another action in the Supreme Court of this State, brought by the defendant against the plaintiff, in which the same issues are involved as are involved in this action, and, therefore, that action is a bar to the maintenance of this. The only important question for consideration, therefore, is whether the pendency of the first action is a bar to this action. The rule of law is that the pendency of the former action does not abate a second unless both actions be for the same cause. It was held in *Stowell* v. *Chamberlain* (60 N. Y. 272) that to make a judgment in a former action a bar, the circumstances must be such that the plaintiff might have recovered in the first action for the same cause alleged in the second. (*Dawley* v. *Brown*, 79 N. Y. 397; *Marsh* v. *Masterton*, 101 id. 408.)

The complaint in the first suit sets forth two separate causes of action; one for damages arising from a breach of warranty in the sale of the lager beer, the other to recover damages which the plaintiff in that action has sustained in his business on account of the sale and delivery of impure and worthless beer, which damage, the complaint alleges, the brewing company has agreed to pay.

If the first suit had been brought to recover damages for a breach of warranty only, I am inclined to think that such an action would not involve the question of payment of the purchase price of the beer for which the second suit is brought to recover. The rule is that when an action is brought to recover damages for a breach of warranty it does not necessarily involve the question of payment of the purchase price. The object of the suit is to recover the difference between the actual value of the articles received on the contract and what their value would have been had they answered the warranty, which is entirely foreign to the question of payment unless the vendor defends on the ground of non-payment of the purchase price. Parties to an action of this character are at liberty to settle their dispute or controversy in one suit or by cross-actions. If the vendee instead of bringing a cross-action sets up a breach of warranty, the vendor is entitled to recover the purchase price, while the vendee will have awarded to him by way of reduction such damage as he can show he has sustained by a breach of the warranty. In such an action the vendor is entitled to the purchase price, but he is required to make good to the vendee any deficiency in the quality of the articles sold. The vendee, however, is not precluded from

WILLIAM E. BAIRD, Respondent, *v.* THE NEW YORK CENTRAL AND HUDSON RIVER RAILROAD COMPANY Appellant.

*Negligence — competency of proof that a servant, whose negligence caused a collision, was called " crazy," " rattlehead " and too " wild."*

In an action where negligence was charged against a railroad corporation, it appeared that the plaintiff, a fireman, was injured in a collision through the alleged incompetency of a flagman named Brown, who was sent back to flag approaching trains, but who failed to perform this duty successfully. Upon the trial of the action witnesses were allowed to prove that Brown was known as "Crazy Brown;" that he was called a "rattlehead," and that he was too "wild." The defendant objected to evidence of this character, and the court in its charge instructed the jury that "the evidence of the names that Brown was known and called by, and the reputation that it is testified he had, neither of them are to be considered by the jury as proof that previous to the accident in question he had been guilty of any negligence whatever in the discharge of his duties." The court also charged that "if they rely upon specific acts at all they must be acts prior to the accident," and that "in determining whether it was negligent on the part of the company to keep him, (the jury) are confined to those things alone, but they may consider, in addition to any acts of negligence he has been guilty of, any other evidence in the case bearing upon his mental condition or his competency."

*Held*, that a judgment for the plaintiff should be reversed, as it was plain that the jury was not left uninfluenced by the evidence of nicknames and appellations which had been applied to Brown.

APPEAL by the defendant, The New York Central and Hudson River Railroad Company, from a judgment of the Supreme Court

bringing an independent action upon the warranty, and if the only issue in the case is upon the warranty the court will not consider or determine how much of the purchase price has been paid.

Freeman, in his work on Judgments (§ 312), lays down the rule that after a recovery of damages by the vendee, the vendor may then maintain an action for the whole of the purchase money ; that the damage must be estimated the same whether the purchase money has been paid or not. When the vendee recovers his damages in a suit brought for that purpose he is supposed to be fully compensated for any deficiency in the articles purchased and to be legally bound afterwards to pay any balance of the purchase price without reduction or controversy.

In *Gillespie* v. *Torrance* (25 N. Y. 310) Judge SELDEN says it has always been optional in the courts of this State, where a party has sustained damages by fraud or breach of warranty in the purchase of goods, when sued for their price, to set off or recoup such damages in that action or reserve his claim for a cross-action.

in favor of the plaintiff for $4,000, entered in the office of the clerk of the county of Onondaga, on the 2d day of April, 1895, upon the verdict of a jury rendered after a trial at the Onondaga Circuit, and also from an order entered in said clerk's office on the 1st day of April, 1895, denying the defendant's motion for a new trial made upon the minutes.

The action was brought to recover for personal injuries sustained by the plaintiff while a fireman in the defendant's employ in a collision near Canastota, November 22, 1891. The train on which the plaintiff was injured ran into a freight train which was stalled on the same track, being track No. 1, the most southerly one running east from Syracuse, and the one used by passenger trains that were eastward bound. The advance freight train, which was stalled, broke in two on going up the Wampsville grade one and one-half miles east of Canastota, and Brown, who was a flagman, was sent back, towards Canastota, to flag any approaching trains, which duty was not performed successfully so as to arrest the approach of train No. 32, being a passenger train, and it ran into the freight train and the plaintiff received the injuries of which he complains. Plaintiff's right to recover rested largely upon establishing the incompetency of Brown, and sufficient notoriety of his incompetency to attract the attention of the defendant and to render it guilty of negligence in keeping him in its employ. The circumstances of the accident are more fully detailed in *Park* v. *N. Y. C. & H. R. R. R. Co.* (85 Hun, 184).

It was held in *Perry* v. *Dickerson* (85 N. Y. 345) that a judgment in an action for damages for an alleged wrongful discharge from defendant's employment prior to the expiration of the term of service was not a bar to a subsequent action to recover wages actually earned and due prior to the alleged wrongful discharge, as the two claims constitute separate and distinct causes of action upon which separate actions are maintained. Judge ANDREWS who spoke for the court says: "It is doubtless true that the plaintiff could have prosecuted in one action the claims for wages and for damages for the wrongful dismissal. But it is not a test of the right of a plaintiff to maintain separate actions that all the claims might have been prosecuted in a single action. A plaintiff having separate demands against a defendant on contract or arising from distinct trespasses or wrongs is not required to combine them in one action although in most cases he may do so at his election. He may prosecute them separately subject to the power of the court in furtherance of justice and to prevent undue vexation and costs to order the actions to be consolidated." The court distinctly held that the claim for

*Frank Hiscock,* for the·appellant.

*William S. Jenney,* for the respondent.

HARDIN, P. J.:

Extensive evidence was given during the trial of the acts, doings and character, as established among railroad men, of Brown, with a view of furnishing ground upon which the jury might find that Brown was incompetent as an employee, and that his incompetency was known to the defendant, and that it was, therefore, negligent in keeping him in its employ. During this trial considerable evidence was given from the minutes of the trial of the *Park* case.

The evidence introduced by the plaintiff of Brown's incompetency was not sufficient to authorize the admission of testimony of his general reputation for the purpose of showing that the defendant was negligent in not knowing that he was incompetent. Much of the testimony related to acts of Brown and to his reputation years before the accident.

Van Auken's testimony as to his reputation related to his reputation ten or fifteen years before the accident, when he resided in the city of Schenectady, when he was an attendant at school and at Sabbath school and before his employment by the defendant. His reputation at this time and at this place was most unlikely to be

---

wages earned and due prior to the dismissal and for damages for the wrongful dismissal constituted two separate and independent causes of action. So in this action upon the breach of warranty a new cause of action arose wholly disconnected in its origin and nature with the claim for the contract price of the beer.

In *Marsh* v. *Masterton* (101 N. Y. 408) the court said, quoting from *Norton* v. *Huxley* (13 Gray, 285): "The principle is well settled that a judgment in a former suit between the same parties is a bar to a subsequent action only when the point or question in issue is the same in both." One may sue to recover damages for fraudulent representations upon a sale of property, and if he fails to establish the fraud and is defeated upon that ground, he may subsequently begin an action for breach of warranty based upon the same transactions and the same representations and recover precisely the same damages.

But the difficulty of applying the above rule to this case arises out of the fact that the former suit is based upon two separate causes of action, one for a breach of warranty and the other upon an alleged breach of contract. The complaint upon the breach of contract alleges in substance that the Bartholomay Brewing Company agreed to compensate the plaintiff for the loss or damage which he had sustained in his business growing out of the sale and delivery of the impure and worthless beer. It seems to me that in such an action the inquiry

---

will naturally arise as to how much has been paid on the contract, because such payment usually constitutes the leading item of damages. The object of such a suit is to recover back the sum, if any, which the plaintiff has paid out upon the contract, the benefit of which he has lost through the non-performance of the other party. The issues, therefore, which are raised by the pleadings upon this branch of the contract must necessarily involve all questions of payment. The question as to the amount of defendant's damages, including payments upon the contract, would be directly in issue in that action, and every material question of fact involved in the issue would be determined by the judgment. I think the rule is well settled that when an issue is in fact raised by the pleadings and litigated, such determination is conclusive between the parties thereto.

It was held in *Lorillard* v. *Clyde et al.* (122 N. Y. 47) that " a judgment rendered on the merits is co-extensive with the issues upon which it is founded, and is conclusive between the parties thereto, not only as to the matters actually proved, argued and submitted for decision, but also as to every other matter directly at issue by the pleadings which the defeated party might have litigated."

The plea of the former suit in bar must, therefore, for the reasons which I have indicated, be sustained, and judgment may be entered dismissing the complaint with costs.