(22 Misc. Rep. 337.)

### NOTARA et al. v. DE KAMALARIS.

(Supreme Court, Appellate Term. January 17, 1898.)

1. COUNTERCLAIM—DUTY TO INTERPOSE.
   Where an action is commenced in a court of record, the party sued need not, as a rule, interpose any cause of action he may have as a counterclaim thereto, but may thereafter bring an independent action to recover for it.

2. SAME—COURTS OF RECORD.
   The Code provisions requiring certain counterclaims to be pleaded in actions in justices' courts (Code Civ. Proc. § 2947) have no application to the city court of New York, which is a court of record (Laws 1872, c. 429, § 1).

3. EVIDENCE—ADMISSIONS.
   Where statements previously made by a defendant in a civil action are offered in evidence against him as admissions against interest, the fact that they were made by him while in the custody of an officer under a warrant of arrest, and while arraigned in a magistrate's court, does not render them incompetent.

Appeal from Sixth district court.

Action by Michael Notara and others against Constantine De-Kamalaris. From a judgment for defendant, plaintiffs appeal. Reversed.

Argued before DALY, P. J., and McADAM and BISCHOFF, JJ.

A. Nelson, for appellants.

J. P. Nieman, for respondent.

McADAM, J. The pleadings in the court below were oral. The complaint was for "conversion," and the answer was "general denial; another action pending; res adjudicata; plaintiffs not real party; demand bill; counterclaim." It was claimed at the trial by the plaintiffs that they intrusted with the defendant, for sale on commission, a quantity of Turkish cigarettes, and that he had sold them, and converted the proceeds to his own use. The defendant, on the other hand, insisted that the cigarettes were sold to him on credit, and that the plaintiffs were indebted to him in the sum of $255, being a 5 per cent. deduction which he contended they agreed to allow him on the gross amount paid by him on his purchases from them. No question was raised in the court below as to whether trover would lie, and that subject need not therefore be considered now.

The defendant introduced in evidence the pleadings in an action brought by him against these plaintiffs in the city court of New York, wherein it was sought to recover the 5 per cent. aforesaid, and claimed that, if the plaintiffs had any cause of action, it should have been pleaded as a counterclaim and litigated in that suit, which was pending when this one was commenced. The defendant cites Brewing Co. v. Haley, 16 App. Div. 485, 44 N. Y. Supp. 915, which holds that an action to recover damages for a breach of warranty on the sale of goods is a bar to a subsequent action by the vendor to recover a balance of the purchase price of the goods, upon the theory that the identity of subject-matter and contract required but one adjudication to determine the entire controversy, which ought to be settled in the action in which jurisdiction first attached. In that case both parties conceded the contract of sale and the identity of the goods, and the single dispute was as to whether a warranty was one of the conditions of the contract. Here there is no such concession as to identity of contract or subject-matter. The dealings between the plaintiffs and defendant extended over a series of years. The plaintiffs sought to recover on an arrestable cause of action for moneys misapplied or converted by the defendant as their broker or agent in the course of his employment, while acting in a fiduciary capacity (Consolidation Act, § 1304); while the defendant, by his action in the city court, undertook to collect a claim alleged to be due under a special contract to pay him 5 per cent. on the amount paid by him on sales to him by the plaintiffs. Apart from this dissimilarity, there is nothing in the pleadings or in the record showing that the different matters were so blended or interwoven that the determination of the city court

action would effectually adjudicate the rights of the parties, and we cannot infer that such result would necessarily follow. It is not enough that the transactions involved in and giving rise to the two actions are the same (Stowell v. Chamberlain, 60 N. Y. 272); and the bare fact that two causes of action spring out of the same contract does not ipso facto render a judgment in one a bar to a suit on the other (Perry v. Dickerson, 85 N. Y. 345); for a judgment in a former suit is a bar to a subsequent action only when the point or issue in question is the same in both (Marsh v. Masterton, 101 N. Y. 401, 5 N. E. 59). If the first action be commenced in a court of record, the party sued need not, as a rule, interpose any cause of action he may have as a counterclaim thereto, but may bring an independent action to recover for it. Lignot v. Redding. 4 E. D. Smith, 285; Halsey v. Carter, 1 Duer, 667; Gillespie v. Torrance, 25 N. Y. 306, 310; Brown v. Gallaudet, 80 N. Y. 413; Ruppert v. Haug, 87 N. Y. 141, 144. The marine (now city) court has since the act of 1872 (chapter 429, § 1) been "a court of record to and for all intents and purposes," and therefore within the rule as to counterclaims laid down in the cases just cited. The Code provisions requiring certain counterclaims to be pleaded in actions in justices' courts (Code Civ. Proc. § 2947) have no application to the city court. The defendant therefore failed to sustain his plea that there was another action pending for the same cause.

It sufficiently appears from the evidence that the plaintiffs were the real parties in interest, and authorized to maintain the action; so there is no merit in the objection that they were not the real parties in interest.

As to the merits: If there were nothing in the case but the issue whether the cigarettes were purchased by the defendant, or intrusted to him to be sold on commission, we might affirm the judgment on the conflicting evidence. But certain exceptions taken by the plaintiffs during the trial require consideration.

It appears that, prior to bringing suit, the plaintiffs caused the defendant's arrest on the charge of misappropriating the proceeds of the sales made; and on the trial of this action they undertook to prove that the defendant had made admissions concerning the nature of his transactions with the plaintiffs, which they deemed material to establish their cause of action. They called Michael J. Rein, an officer connected with the detective bureau, as a witness, and interrogated him as to the subject-matter of the suit. The defendant's counsel obtained leave to examine the witness voir dire, and on such examination it appeared that the admissions were made while the defendant was in the custody of the officer, and while arraigned in a magistrate's court. The plaintiffs then attempted to resume their examination in chief, but the questions put were objected to and excluded under exception. The defendant seeks now to criticise the form of the questions, but all objection to form must be deemed obviated by the ruling of the justice, in which he said, "I will sustain objections to anything of this character;" for it was useless to change the phraseology of the question for the mere purpose of having it excluded when that result was inevitable. The

rule is that, where a party to a civil action has made admissions of facts material to the issue in the action, it is always competent for the adverse party to give them in evidence; and it matters not whether the admissions were in writing or by parol, nor when nor to whom they were made. Cook v. Barr, 44 N. Y. 156; Wood, Prac. Ev. 494. We held in Nasanowitz v. Hanf, 17 Misc. Rep. 157, 39 N. Y. Supp. 327, that where, on a previous trial of an action, a witness had testified to certain facts, any person present at the time was competent to testify in respect thereto, and that there was no necessity for producing the stenographer who took the notes of the evidence.

But it is claimed by the defendant that different rules apply when the statements are made by a person while in the custody of an officer under a criminal charge, or while being arraigned in a criminal court. There is no warrant for such claim. The term "admission" is usually applied to civil actions, and "confession" to acknowledgments of guilt in criminal prosecutions. Where statements made by a defendant to an officer involve him civilly, they may be received as an admission against interest, even though they might be rejected as a confession in a criminal court. 1 Phil. Ev. (5th Am. Ed., with Cow. & H.'s notes) *432. And see, also, Tayl. Ev. (from 8th Eng. Ed.) § 724; 1 Greenl. Ev. § 193. Many learned jurists have considered confessions as the highest and most satisfactory evidence of guilt. Rosc. Cr. Ev. (7th Ed.) 39. The circumstances under which the confession is made may affect the value to be given to the evidence, but do not affect its competency when offered as an admission against interest in a purely civil proceeding.

It did not appear that the admission was made under the influence of fear produced by threats, or by promises or deception; and it would have been admissible even in a criminal prosecution. Cr. Code, § 395; Fralich v. People, 65 Barb. 48, 51; Hartung v. People, 4 Parker, Cr. R. 319; O'Brien v. People, 48 Barb. 274, 279, 280. Prima facie, as a matter of course, a confession by the prisoner is admissible as evidence against him, and it is for him to show legal grounds for excluding it. Rosc. Cr. Ev. (7th Ed.) 39; Com. v. Sego, 125 Mass. 210, 213. And it is not sufficient to exclude a confession by a prisoner that he was under arrest at the time, or that it was made to the officer in whose custody he was, or in answer to questions put by him, or that it was made under hope or promise of a benefit of a collateral nature. Cox v. People, 80 N. Y. 500.

In People v. Rogers, 18 N. Y. 9, 12, where the prisoner was tried for murder, Judge Denio, writing for the court, said:

"The objection to the testimony of the policeman assumes that no admission by a person accused of crime, made to an officer who had him in custody, can be received. It was not pretended that any threats, promises, or other inducements had been held out to the prisoner; but the objection was placed upon the ground first mentioned. I have looked carefully into all the cases referred to by defendant's counsel in support of that position, and many others, and do not find that it has ever been held that the simple fact of the prisoner being in custody was sufficient to exclude his declarations, whether made to the officer or third persons. On the contrary, many of the cases,

upon the competency of confessions, show that the prisoner was in custody at the time; and the question generally has been whether the confession was voluntary, or was influenced by what was said to him by the officer or by others."

It is apparent, therefore, that the rulings by the justice as to the admissibility of the admissions as evidence in a civil action were stricter than would have been authorized if the statements had been offered as confessions in a criminal prosecution. For error in excluding this evidence, the judgment must be reversed, and a new trial ordered, with costs to the appellants to abide the event. All concur.