JAMES O. SEBRING, Plaintiff, *v.* GRACE LOUISE QUINN and LAFAYETTE COOK, as Administrator of the Goods, Chattels and Credits of JANE K. HAMILTON, Deceased, Impleaded with Others, Defendants.

(Supreme Court, Monroe Special Term, October, 1918.)

Actions — when plea of another action pending not available — doctrine of res adjudicata — decedents' estates.

> The doctrine of *res adjudicata* and the plea of another action pending are not available as a defense if the same issues are not involved in the prior action or proceeding, although some questions involved in the issues may come up for consideration.
>
> A determination in a collateral proceeding in a Surrogate's Court fixing the lien of creditors upon the proceeds of the sale of real estate of a decedent is not a bar to an action in equity to determine the lien of the attorneys to the fund and its priority over that of the creditors, such services having been rendered subsequently to the death of the decedent.
>
> An intermediate order in a proceeding to determine the lien of an attorney which does not determine the lien but postpones such determination until after a final judicial settlement in the Surrogate's Court, when the fund upon which the lien is asserted may have been depleted, is not a bar to an action in equity to determine the lien and its priority over other alleged liens, nor is it available as a defense of another action pending.

THIS is a demurrer by the plaintiff to certain defenses of the defendant. The action is one in equity to declare an attorney's lien prior to an alleged

creditors' lien upon the proceeds of the sale of the real
estate of a decedent. John Phelps, the decedent, died
intestate, October 19, 1904, leaving insufficient per-
sonal property to satisfy the claims of his creditors.
He had conveyed certain real estate to the defendants
Hassan and Hamilton. His heirs employed James A.
Warren, an attorney, to bring an action to set aside
the conveyance and Warren retained the plaintiff and
Warren J. Cheney as counsel. The claims of the latter
have been assigned to the plaintiff. An action was
brought to set aside the conveyances on the ground of
fraud and incapacity and for partition and they were
set aside January 10, 1907. Hassan and the Hamil-
tons thereupon began a proceeding in the Surrogate's
Court to establish a lien on the proceeds of the sale of
the real estate which had been conveyed to them by
the decedent and which conveyance had been set aside.
They established their claim to the satisfaction of the
surrogate and an order was made giving them a lien
upon the proceeds of the sale of the real estate. The
plaintiff was a party to the proceeding and took an
appeal to the Appellate Division where the determina-
tion of the surrogate was affirmed and leave to appeal
to the Court of Appeals was denied. A special pro-
ceeding to enforce the lien of the plaintiff and his
associates for their services in connection with the
action to set aside the conveyances was then brought
and an order was made therein May 25, 1912, declaring
that the defendant Hassan and the Hamiltons had a
lien upon said funds superior to that of the attorneys
and directing that the question of the amount of the
lien of the attorneys, if any, for which the proceeding
had been brought, be reserved until after the final
judicial settlement of the accounts of the adminis-
tratrix of John Phelps. An appeal from this order
was taken to the Appellate Division where it was

affirmed and an appeal from the affirmance of the Appellate Division to the Court of Appeals was dismissed. Thereupon this action in equity was brought May 28, 1918, to enforce the lien of the plaintiff and his associates and have it declared superior to that of the defendant Hassan and the Hamiltons, alleged creditors of John Phelps, and for the repayment of certain costs awarded against plaintiff and his associates personally in appeals which it is claimed were taken for the benefit of their clients.

James O. Sebring, for demurrer.

Fred W. Hastings, opposed.

RODENBECK, J. The second defense of the defendant raises the question of *res adjudicata* and the third defense interposes the plea of another action pending. The doctrine of *res adjudicata* and the plea of another action pending are not available where the same issues are not involved in the two proceedings although it may require a reexamination and readjudication upon some features of the questions involved. *Dawley* v. *Brown,* 79 N. Y. 390.

The surrogate had no power to pass upon the priority of the creditors' and plaintiff's liens. The plaintiff's lien was created after the death of the decedent and was not a creditors' lien which the surrogate had the power to pass upon. If the deeds to Hassan and the Hamiltons were voidable so that the title passed to the heirs of the decedent when the deeds were set aside, the surrogate was without jurisdiction as creditors' liens attach only to property of which the decedent died seized. If the deeds were void because Phelps was of unsound mind and not competent to

execute and deliver the deeds, he died seized of the property and the lien of the creditors would attach unless priority is to be given the lien of the plaintiff and his associates for establishing the funds against which the lien of the creditors is asserted. The judgment in the action to set aside the deeds is that they were fraudulently obtained while the decedent was of unsound mind and not competent to make them. If the deeds were void at their inception the title never passed out of the decedent and he died seized of the property. If they were merely voidable Hassan and the Hamiltons held the title until the deeds were set aside and the decedent was not seized of the property at the time of his death and in that case the creditors had no lien and the surrogate no jurisdiction. His decision therefore was not an adjudication upon the question of the priority of the liens which is involved in this action.

The third defense interposes the plea of another action pending. The Supreme Court in the special proceedings had authority to pass only upon the lien of the plaintiff and his associates and had no power to pass upon the priority of the liens of the judgment creditors of the decedent and of plaintiff and his associates. The order in the special proceedings did not even undertake to pass upon the lien of the plaintiff and his associates but postponed it until after the final accounting in the Surrogate's Court. If the plaintiff and his associates wait until after the distribution of the estate the funds to which their lien might attach will be partly distributed and under this ruling the lien of an attorney may be entirely defeated, where the creditors' liens exceed the amount of the fund, although he creates the fund. The special proceeding is therefore not a proceeding pending in which the plaintiff can determine the question involved in this

action as to the priority of his lien and that of the judgment creditors.

The plaintiff is entitled to an order sustaining the demurrer to the second, third and fourth defenses, with leave to the defendant to amend within twenty days from the service of an order in accordance herewith.

Ordered accordingly.